## R. S. CHEW v. HENRY JACKSON ET AL.

Decided March 30, 1907.

**1.—Deed—Delivery—Evidence.**

In trespass to try title, the issue being whether or not a deed under which plaintiffs claim had been delivered, it appearing that the grantor was dead and that the plaintiffs at the date of the deed were minors, testimony that the grantor during his lifetime said he intended to give and had given the plaintiffs the land in question, was admissible as against the objection that it was hearsay.

**2.—Same—Declarations—Disparagement of Title.**

Declarations of a deceased grantor in disparagement of his title are admissible as declarations against interest.

**3.—Same—Same.**

Declarations against interest made by one while in possession of land concerning his title to the land are competent testimony.

**4.—Testimony—Conclusion of Witness.**

A witness being asked the question, "Do you know why the deed to the plaintiffs was never delivered to the plaintiffs?" his answer, "The old man did not deliver the deeds to any of his children," was properly excluded because a conclusion of the witness.

**5.—Improper Testimony—Harmless Error, When.**

The admission of improper testimony as to an uncontroverted fact is harmless error.

**6.—Delivery of Deed—Circumstantial Evidence.**

A constructive delivery of a deed may be established by the acts and words of the grantor, showing that he intended the title should pass to the grantee, and showing that after the execution of the deed the grantor treated and recognized the property as belonging to the grantee, even though the manual possession of the deed may have been retained by the grantor.

**7.—Erroneous Charge—Harmless Error.**

An erroneous charge was harmless error when it applied to a state of facts or phase of the case which the jury by their verdict found did not exist.

**8.—New Trial—Newly Discovered Evidence.**

A party is not entitled to a new trial for the purpose of procuring evidence of the existence of which he was evidently informed before the trial by depositions on file, but which he used no diligence to procure.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

*McCall & McCall,* for appellant.

*H. C. Shropshire* and *R. L. Stennis,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellees to recover from appellant the south one-half of the west one-half of the James Williams survey of three hundred and twenty acres of land situated in Parker County. There was judgment for the plaintiffs and the defendant in the action has appealed.

The principal question arising on this appeal is one as to the delivery of the deed from S. W. Jackson and wife to appellees through which they claimed the land in controversy and upon which the recovery below was had. This deed bore date February 8, 1892, and at that time appellees were three and ten years of age respectively, and one of them, the younger, lived with the grantors, who were his grandparents, the parents of both boys being dead. There was never any manual delivery of the deed to the appellees, but as tending to show a sufficient delivery, appellees offered the testimony of A. A. McQueen and N. G. Vaughan to the effect that the grantor, S. W. Jackson, had during his lifetime said he intended to give and had given the appellees the land in controversy. This testimony was clearly admissible, we think, as against the objection that the same was hearsay, since it comes within one, and perhaps two, of the well defined exceptions to the hearsay rule. It was shown that the grantor was long since dead and his declarations therefore in disparagement of his own title were admissible as declarations against interest. The declarent being dead and the extreme improbability of his having made a false statement which was so strongly against his own interest amply authorize the admission in evidence of such declarations. (2 Wigmore on Evidence, pars. 1455-1456; Hubbard v. Cox, 76 Texas, 239.) Besides, if the declarant were not dead, the declarations against interest being made by appellant's predecessor in title while in possession, would for that reason be admissible. The latter answer may also be given in reply to the assignment complaining of the admission of evidence tending to show the existence of a conspiracy upon the part of some of the other heirs of S. W. Jackson to deprive these appellees of the benefit of the deed executed in their favor. The testimony was such as to imply upon the part of those concerned in the conspiracy an acknowledgment of the existence of the deed. This, then, being in the nature of an admission against interest upon the part of appellant's predecessors in title, evidence of the same was properly admitted.

There was no error in excluding the answer of the witness Carver to the question propounded by appellant, "Do you know why the deed to the plaintiffs was never delivered to the plaintiffs?" To which he answered, "The old man did not deliver the deeds to any of his children." This was clearly a conclusion and properly excluded as such.

We are inclined to think the objection made to the witness Temple's testimony—that is, that it was a conclusion—was well taken, but we are also of the opinion that the admission of his testimony was harmless. He testified, in effect, that he had examined the notarial record showing the conveyance from S. W. Jackson and wife to appellees before its destruction, and also the deed made by the surviving wife and

children of said Jackson to appellant, and the guardian's deed to him, and also that he had talked with Dr. McQueen, from all of which he was convinced that the notarial record described the lands in controversy. It is thus seen that the only effect of this testimony was to identify the land sued for as that described in the deed of conveyance to appellees. This appears not to have been a controverted issue in the case. The crucial question, that is, whether or not the deed actually executed to appellees was legally delivered, having been found in their favor, we find nothing in the testimony to indicate that the deed did not embrace the land sued for. All of the evidence indicates that it did; so that no possible harm could have resulted ti appellant from the admission of this evidence.

The charge upon the question of delivery given at the instance of appellees to the effect that delivery may be shown by the acts or words of the grantor, showing that he intended the title should pass to the grantee, and showing that after the execution of the deed the grantor treated and recognized the property as belonging to the grantee, even though the possession of the deed may have been retained by the grantor, was correct under the facts of this case, and the special charge of appellant to the effect that the retention by the grantor of the possession of the deed until his death precluded a finding of delivery, was upon the weight of the evidence and incorrectly stated the law, since there were facts and circumstances in evidence from which the jury were authorized to find a delivery, notwithstanding there was never any manual delivery of the deed. (Hubbard v. Cox, 76 Texas, 239; Seeley v. Bealer, 41 Ia., 334.) In the case last cited, which is very much in point upon the facts, it is said: "If actual manual delivery upon the part of the grantor and acceptance by the grantee are essential to a valid conveyance, it would be impossible to execute an operative deed to an infant of very tender years, yet the cases are numerous where deeds executed to young children with no other proof of delivery and acceptance than that they were recorded by the grantor have been upheld. . . . Where one who has the mental power to alter his intention and the physical power to destroy a deed in his possession dies without doing either, there is, it seems to us, but little reason for saying that his deed shall be inoperative simply because during life he might have done that which he did not do. It is much more consonant with reason to determine the effect of the deed by the intention existing up to the time of death than to refuse to give it that effect because the intention might have been changed." See also, Brown v. Brown, 61 Texas, 56; Johnston v. Johnston, 67 S. W. Rep., 123; Devlin on Deeds, secs. 260-1.)

It is insisted that the court erred in giving special charge number 2, asked by appellees, which was as follows: "If you should find and believe from the evidence that there was an agreement or understanding between the heirs of S. W. Jackson that Mose Jackson, Mrs. Cook and Mrs. Carver should have and take certain parts of the estate of S. W. Jackson as their share of said estate, and that the remainder should be divided up among the other heirs, and that parts of such estate agreed to be given said Mose Jackson, Mrs. Cook and Mrs. Carver included no part of the land in controversy, then you will not consider Mose

Jackson, Mrs. Cook and Mrs. Carver as having any interest in the land in controversy as heirs of S. W. Jackson." This could have done no harm to appellant, since it applied only in the event of a finding in favor of appellees as heirs and not upon their claim to all the land under the deed. Since the verdict of the jury is for all the land, thereby affirming appellees' rights under the deed and not as heirs the charge evidently was not considered at all.

The conduct and statements of S. W. Jackson, deceased, testified to by several witnesses, were sufficient to support the jury's finding in favor of a delivery of the deed to appellees. This disposes of appellant's tenth assignment of error.

The eleventh and last assignment, complaining of the court's action in overruling the motion for a new trial because of the newly discovered evidence of Martin Jackson and Mrs. Partridge (formerly Mrs. Cook), should also be overruled. A careful examination of the affidavits of these witnesses will disclose that no pointed denial is made of the testimony given by the witness Henderson. The affidavits are so worded, and as to this point so ambiguous, as to throw little or no light upon the question testified to by the witness Henderson. A good portion of the affidavit of Martin Jackson is made up of a denial upon his part of any knowledge of the existence of deeds in favor of appellees, and a denial of his having burned the same. Depositions were on file in this case for some time before the trial in which a witness had testified to the facts that Martin Jackson had burned the deeds, and it certainly behooved appellant under these circumstances to take some steps to procure the testimony of so important a witness. But he did nothing of the kind and ought not now to be heard to complain on account of the want of this witness's testimony.

We find no error in the judgment of the District Court and it is affirmed.

*Affirmed.*

Writ of error refused.