ADAMS et al. v. ZELLNER. (No. 6812.)

(Court of Civil Appeals of Texas. Dallas. Feb. 27, 1915. Rehearing Denied April 3, 1915.)

1. MORTGAGES ☞374 — SALE UNDER TRUST DEED—VALIDITY.

A recital in deed executed by a trustee in a trust deed that public notice of the time, place, and terms of sale was made by posting a notice on the courthouse door does not make the deed void for want of notice, as required by the trust deed, stipulating for notice in accordance with the law regulating sales under trust deeds, though it be conceded that the recital was notice to the purchaser of as much as the recital imported, but the purchaser may show that the trustee gave the required notice.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1118–1123; Dec. Dig. ☞374.]

2. MORTGAGES ☞356—SALES UNDER TRUST DEED — NOTICE — STATUTORY PROVISIONS — COMPLIANCE.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 3751, 3757, 3759, provide that sales under trust deeds shall be made after giving 20 days' notice, by posting notice in three public places, one of which shall be at the courthouse door, and by giving notice to the grantor in person or by mail. A trustee in a trust deed, which stipulated for notice of sale in accordance with the law, posted a notice on the courthouse door and mailed a notice to the grantor, who received it, and mailed two notices to third persons with the request that the same be posted in public places, but the trustees did not know whether the third persons actually posted them. Held, that though the trustee's deed recited the posting of a notice at the courthouse door, the evidence justified a finding of compliance with the law.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1063–1067; Dec. Dig. ☞356.]

Appeal from District Court, Hill County; B. Y. Cummings, Special Judge.

Action by David W. Adams and another against J. H. Zellner. From a judgment for defendant, plaintiffs appeal. Affirmed.

Chas. L. Black, of Austin, for appellants. Morrow & Morrow, of Hillsboro, for appellee.

RASBURY, J. Appellants sued appellee in the court below in trespass to try title to recover 265 acres of land out of the W. F. Savage survey in Hill county, Tex. At trial the court instructed verdict for appellee, which was returned accordingly, and upon which

judgment was entered that appellants take nothing by their suit, and that appellee have judgment for costs, and from which this appeal is taken.

The facts essential to a disposition of this appeal, and practically undisputed, are, in our own language, substantially as follows: Appellants being the owners of the land sued for on July 30, 1907, executed a deed of trust thereon, which was properly recorded in Hill county, conveying same to Herman Eastland as trustee to secure an indebtedness therein described, due Baggott & McCormick, and conferring upon the trustee the powers usually conferred by such conveyances, among such being the provision that before a sale of the property under the deed of trust for failure to pay the debt secured thereby could be lawfully made, the trustee should give 20 days' notice of the time, place, and terms of sale, "in accordance with the laws of the state of Texas regulating sales of real estate under deeds of trust." Subsequent to the execution of the deed of trust, and on October 6, 1908, the trustee, as such, conveyed the land to J. J. Baggott, reciting in the conveyance that appellants defaulted in payment of the debt secured by the deed of trust, the demand to sell, and the time and place of sale, and, among others, the following recital with reference to the notice given:

"I proceeded to sell said property at public auction at Hillsboro, Hill county, Texas, between the hours of 10 a. m. and 4 p. m. on the first Tuesday, the sixth day of October, 1908, after having given public notice of the time, place and terms of such sale by posting a public notice on the courthouse door, Hill county, Texas, as required by said trust deed."

Preliminary to the sale the trustee personally posted the notice of the sale recited in his deed to Baggott at the courthouse door in Hillsboro, Hill county, Tex. He also forwarded a notice of the sale to appellant, David W. Adams, by registered mail at Prairie Grove, Ark., which Adams received. One notice was mailed to some one at Whitney, and the other to some one at Hubbard, or Itasca, Tex., with the request in each instance that the notice be posted. All the places named are in Hill county and are public places. At trial the trustee could not recall to whom he mailed the notices, and did not, as matter of fact, know whether the persons to whom he sent them actually posted them. The notice posted by the trustee, and those sent out for posting, were in time to give notice for more than 20 days prior to the day of sale, if in fact, posted. On July 26, 1909, Baggott conveyed the land to appellee, Zellner, in consideration of $1,240 cash.

[1] The first and cardinal issue presented by the appeal is the appellants' contention that the sale by the trustee is void for want of notice, and that, by reason of the recitation in the deed from the trustee to Baggott that but one notice was posted by the trustee, appellee took the land with knowledge that the sale under the trust deed was void for want of notice. Conceding that the recitation in the deed was notice to appellant of as much as the recitation imported, we nevertheless conclude that the sale by the trustee was not void, but that those whose title was derived through the sale by the trustee might show, notwithstanding the recitation, that the trustee had in fact given the notice required by the terms of the deed of trust.

[2] The notice required by the deed of trust under discussion was that required by the law regulating the sale of real estate under deeds of trust as prescribed by articles 3759, 3757, and 3751, Vernon's Sayles' Texas Civil Statutes 1914, the substance of which is that except in unorganized counties and where the notice is published in a newspaper, such sales shall be made in the county where the real estate is situated on the first Tuesday in any month, between the hours of 10 o'clock a. m. and 4 o'clock p. m., after giving at least 20 days' successive notice thereof by posting written notices thereof in three public places in the county, one of which shall be at the courthouse door of said county, and by giving defendant or his attorney written notice of such sale, either in person or by mail. We have detailed, at another place in this opinion, what was actually done by the trustee in making the sale. The steps taken or the notice given, in our opinion, show full compliance with the statutory provisions, as recently construed by the Sixth Court of Civil Appeals and the Supreme Court in the case of Roe v. Davis, 142 S. W. 950; Id., 172 S. W. 708. In that case facts practically identical with those in the instant case were held sufficient to show compliance with the statutory provisions relating to the notice to be given. The only material difference in the facts is that in Roe v. Davis, supra, the trustee's deed recited that the law had been fully complied with in the matter of giving notice; while in the instant case the trustee's deed recited that the notice required by law had been given "by posting a public notice on the courthouse door," etc. The recital in the one case was the conclusion of the trustee that his undisclosed acts were a compliance with the law, and in the other a recital that the law was observed, followed by a recital of facts which in law were insufficient to show such compliance. In Roe's Case testimony was admitted, despite the recital in the deed, to show what in fact was done, and we are unable to see why a different rule should apply to a recital in a deed which attempts to recite the facts, but fails to disclose all of them. If oral testimony is admissible to prove what in fact was done with reference to giving notice, where none of the facts are stated, then we think it equally clear that such evidence is admissible to show that the facts recited, if insufficient, do not constitute all that was done.

It being then in such cases a matter of proof whether the notice required by law has been given, and conceding, as urged by appellant, that the recital in the trustee's deed that but one notice had been posted rebutted the presumption of regularity that ordinarily obtains when the deed is in regular form and purports to be the execution of a power conferred in the trust deed, we nevertheless conclude that the court did not err in not submitting to the jury the issue of whether the necessary notice had been given, for the reason that, as we have said, facts practically identical were held in Roe's Case to show compliance with law, and, being the only facts and the undisputed facts, the issue was established, and it but remained for the trial judge to apply the law arising thereon.

For the reasons stated the judgment is affirmed.