TITTERINGTON v. DEUTSCH et al.*
(No. 7400.)

(Court of Civil Appeals of Texas. Dallas. June 26, 1915. Rehearing Denied Oct. 16, 1915.)

MORTGAGES ⬡➡356 — FORECLOSURE — NOTICE.

Where a builder's contract conveyed the property to a trustee with power to sell at public sale on default and after the trustee had given public notice of the time prescribed by the statutes of Texas for the sale of real estate under deeds of trust, and that after such sale the trustee should make a deed, etc., a sale is not void; notice having been given in three public places in the county as required by statute, though the trustee himself had the notices posted by another and selected only one of the public places.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1063–1067; Dec. Dig. ⬡➡356.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by George A. Titterington against B. Deutsch and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Geo. A. Titterington, of Dallas, pro se. Read, Lowrance & Bates, of Dallas, for appellees.

TALBOT, J. Appellant, George A. Titterington, brought this suit against the appellees, B. Deutsch and W. F. Smith, to set aside a trustee's sale of land made on the 4th day of November, 1913. The ground alleged for setting aside the sale is that the trustee had failed to properly post notices thereof. The case was tried before the court without the intervention of a jury and judgment rendered in favor of the defendants. The plaintiff's motion for a new trial was overruled, and he appealed.

The court filed conclusions of fact and law; the substance of the conclusions of fact, so far as is necessary to be stated for the purposes of this appeal, which we adopt, being as follows: That on the 14th day of March, 1913, Leopole Schwarz and wife, Amelie Schwarz, executed a certain mechanic's lien contract, granting and conveying to A. C. Schwarz Construction Company a mechanic's and builder's lien on lot 3 in block B. Warran's revised addition to the city of Dallas, Tex., for the purpose of securing three notes of even date therewith, two of said notes for the principal sum of $300 each, and one for the sum of $450, and said notes for $300 each maturing respectively three and four years after date thereof, and the one for $450 maturing five years after date thereof. Said mechanic's and builder's lien contract provides that said notes bear interest at the rate of 8 per cent. per annum, payable semiannually, and if default is made in the payment of any of said notes, or in any installment of interest on said notes when due, the holder thereof may mature said notes at his election. Said mechanic's and builder's lien contract also conveys to A. C. Moser, trustee, power and authority to sell said property at public sale at the request of the holder of said notes after default in the payment of said notes or any installment of interest thereon, and provides that said trustee shall sell said property at public auction at the door of the county courthouse in the city of Dallas, Dallas county, Tex., "after having given public notice of the time prescribed by the statutes of Texas for the sale of real estate under deeds of trust," and after such sale to make to the purchaser thereof a good and sufficient deed in fee simple for said premises, and also provides that the deed made by said trustee shall be prima facie evidence of the truth of all recitals as to default in the payment of said notes or interest, the request to the trustee to sell, to advertise such sale, the proceedings at such sale, and the facts, if any, authorizing the substitute trustee to act in the premises. Said mechanic's and builder's lien was duly acknowledged, as required by law, on March 14, 1913, and duly filed for record on the 15th day of March, 1913, recorded in volume 27, p. 87, of the records of mechanic's liens, etc., of Dallas county, Tex. Said three notes as set out in said mechanic's and builder's lien contract were duly executed on, to wit, the 14th day of

⬡➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error pending in Supreme Court.

March, 1914, and delivered to said A. C. Schwarz Construction Company. On said date the A. C. Schwarz Construction Company executed a written transfer, conveying said notes and the lien securing same to B. Deutsch, and said transfer was duly acknowledged on the 14th day of March, 1913, and filed for record on the 15th day of March, 1913, and recorded in volume 576, p. 392, of the records of deeds, etc., of Dallas county, Tex.

Default was made in the payment of the semiannual interest due on said notes on, to wit, the 14th day of September, 1913, and B. Deutsch thereafter declared said notes due and requested the trustee, A. C. Moser, to sell said property after default had been made in the payment of said semiannual interest. That Tom F. Lewis was requested by B. Deutsch to prepare notices of sale of said property under said trust agreement, and said A. C. Moser, trustee, called at the office of Tom F. Lewis, and signed said notices, and requested said Lewis to post one of said notices at the courthouse door in the city and county of Dallas, Tex., and post the other two of said notices in public places in Dallas county, Tex. That said Lewis posted one of said notices at the courthouse door in Dallas county, Tex., and one on the Hutchins Road in Dallas county, and one on the White Rock Road in Dallas county, and all of said notices were duly signed by said A. C. Moser, trustee, and all of said notices were posted more than 20 days prior to the 4th day of November, 1913, but said trustee did not know where said other two notices were posted, and said notices duly stated the time, place, and manner of making said public sale, and said sale was made by A. C. Moser at the courthouse door in the city and county of Dallas, Tex., on the 4th day of November, 1913, between the hours of 10 o'clock a. m. and 4 o'clock p. m. That said trustee, A. C. Moser, duly made said sale of said property at said time and place and executed a trustee's deed conveying said property to B. Deutsch, who bid in said property at said sale, and said trustee's deed was duly acknowledged on the 4th day of November, 1913, and filed for record on the 4th day of November, 1914, and duly recorded in volume 598, p. 39, of the records of trustees' deeds, etc., of Dallas county, Tex. That on the 12th day of May, 1913, Leopole and Amelie Schwarz executed a deed conveying said property to W. F. Smith, and said Smith assumed the payment of said three notes described in said mechanic's and builder's lien contract, and executed a note of even date therewith for the sum of $485 payable to the order of Amelie Schwarz, and due and payable in monthly installments of $15 each, the first installment being due on or before June 12, 1913, and one installment due on or before the 12th day of each and every month thereafter until paid, and said note bearing interest at the rate of 8 per cent. per annum,

payable semiannually, and said deed and note expressly provided for a vendor's lien contract, and said note expressly provided that failure to pay any installment of principal or interest when due thereon should at the election of the holder thereof mature same. On the 15th day of May, 1913, Amelie Schwarz and Leopole Schwarz executed a written transfer, conveying said note and the lien securing same on said property to George A. Titterington, and said transfer was duly acknowledged, as required by law, and filed for record on the 21st day of May, 1913, and recorded in volume 583, p. 38, records of deeds, etc., of Dallas county, Tex., and said note was duly indorsed by said Amelie Schwarz and Leopole Schwarz, and made payable to George A. Titterington, without recourse on them. That $30 was paid on said note and credited on same on July 22, 1913. That George A. Titterington had no notice or knowledge of the sale of said property under said deed of trust, until several days after trustee's sale, and after said property had been sold and the deed executed by the trustee on or about November 10, 1913, he went to see B. Deutsch and offered to redeem said property for his said sale and to pay B. Deutsch the amount of his notes and interest and costs of sale, but said B. Deutsch refused to accept same and claimed that he was the owner of said property. Said George A. Titterington made no further inquiry as to whether or not said interest had been paid on said three notes described in said mechanic's and builder's lien contract, at the time same became due on September 14, 1913, except prior to said date he inquired of W. F. Smith if said Smith would pay said interest, and was led to believe by said Smith that said interest would be paid when due.

The prayer of the plaintiff's petition was that the deed made by Moser as trustee be canceled; that plaintiff be allowed to pay off the indebtedness due the defendant Deutsch, together with the expenses of the trustee's sale; and that plaintiff's junior lien on the property involved be foreclosed.

The court held, as a matter of law, that the sale by A. C. Moser, trustee, was valid; that defendant Deutsch by his purchase at said sale acquired a good title to the property in controversy; and that the plaintiff, Titterington, had no right to redeem the same or to foreclose his lien thereon.

The first assignment of error shows the appellant's contention and presents the only question for our decision. This assignment is as follows:

"The court erred in rendering judgment against plaintiff and in favor of defendant B. Deutsch, and in refusing to allow plaintiff to redeem the property from the trustee's sale which was made to B. Deutsch by the payment to him of his debt and interest up to the time of tender; the evidence showing that said defendant had a first and superior valid lien against the land described in plaintiff's petition under mechanic's lien and trust deed, in which

there was a power of sale, upon default, given to A. C. Moser as trustee to sell the land covered thereby only after having given public notice of the time and place of sale in the manner and form and length of time prescribed by the statutes of Texas for the sale of real estate under deeds of trusts. And it further appearing that in foreclosure and sale to said defendant the said notices were not posted by said trustee; that he turned over to T. F. Lewis—a stranger to said mechanic's lien and trust deed—the posting of said notices; and that said A. C. Moser did not select the places where said notices were to be and were posted, and did not direct the posting of any one of such notices, and did not know where any one of them was posted, except that he told said Lewis to post one at the courthouse door at Dallas, Tex.; the evidence further showing that plaintiff had and held a valid and subsisting unpaid debt and lien against the same property second and inferior to that so held by defendant B. Deutsch; and the evidence further showing that the property was worth at least $1,600."

The validity of the notes and mechanic's lien, in its nature a deed of trust authorizing the trustee, A. C. Moser, to sell the property therein described upon default in the payment of the principal or interest of the notes held by the defendant Deutsch, is not questioned; and, as shown by our conclusions of fact, default was made in the payment of the installment of interest which became due September 14, 1913. After such default, the defendant Deutsch declared the notes due and payable and requested his attorney, T. F. Lewis, to prepare notices of the sale of the property covered by the deed of trust and requested the trustee, Moser, to call at the office of the said Lewis and sign said notices. The notices were prepared, and the trustee called and signed them as requested. The trustee, Moser, then requested Mr. Lewis to post said notices as provided for in the deed of trust, and this he did. The trustee, Moser, directed that one of the notices be posted at the courthouse door of Dallas county, Tex., and knew that direction was complied with. He directed that the other two notices be posted in two other public places in Dallas county, and this was done, but the trustee, Moser, did not himself know at what places they were posted. The trust agreement, with power of sale, provided that:

"The deed made by said trustee shall be prima facie evidence of the trust, of all recitals as to default in the payment of said notes or interest, the request to the trustee to sell, to advertise such sale, the proceedings as such," etc.

The question then is: Was the sale by the trustee, Moser, and at which the defendant Deutsch bought, invalid and should have been set aside because the said Moser did not in person post the notices of said sale? The deed of trust under which the sale was made provided, as has been seen, that the trustee should sell after having given public notice of the time and place of sale in the manner and form and length of time prescribed by the statutes of Texas for the sale of real estate under deed of trust, and the statutes referred to are, in substance,

that such sales shall be made at public vendue in the county where the real estate is situated between the hours of 10 o'clock a. m. and 4 o'clock p. m. of the first Tuesday in any month, after giving at least 20 days' notice thereof by posting written notices thereof in three public places in the county, one of which notices shall be posted at the courthouse door of said county. That the evidence was sufficient to show a compliance with the terms of the deed of trust and the the statutes referred to, in giving notice of the sale at which the defendant purchased, we have no doubt. Indeed, similar sales under practically the same state of facts have been upheld by decisions of our appellate courts. Roe v. Davis, 142 S. W. 951; Id. (Sup.) 172 S. W. 708; Walker v. Taylor, 142 S. W. 31; Adams v. Zellner, 174 S. W. 933. That the trustee, Moser, did not specifically name the places where two of the notices of the sale should be posted, does not materially affect the question and distinguish the case from those above cited. He did direct that one of said notices be posted at the courthouse door of Dallas county, Tex., and that the other two be posted in public places in said county, and that these instructions were literally complied with is not denied. The deed of trust provided that the sale should be made upon such public notice thereof as is prescribed by the statutes for the sale of real estate under such instruments, and among the things prescribed is that the notices shall be posted in three public places of the county. The notices of the sale in this instance were so posted, and hence we hold that both the terms of the deed of trust and the statutes were met and complied with.

The cases cited expressly hold that it is not necessary, in cases of this character, that the trustee should personally post the notices, but that this may be delegated to an agent, and we can see no good reason for holding that, notwithstanding this is true, the "public places" at which such several notices be posted, other than the courthouse door of the county, should be named by the trustee or the sale will be held to be void. If the opinion in the case of Meisner v. Taylor, 56 Tex. Civ. App. 187, 120 S. W. 1014, embraces such a holding, the same was not necessary to a decision of that case, is not an authoritative expression upon the question, and has not been followed in subsequent cases of the appellate courts of this state. In our opinion the selection of the places by the trustee named in a deed of trust involves no such element of judgment or discretion as requires either the posting of the notices of sale by the trustee in person or the naming by him, in the event he commits the performance of that duty to another, of the places where such notices shall be posted. The terms of a deed of trust requiring the sale authorized under it to be advertised in

the manner prescribed by the statutes of this state for the sale of real estate is, in our opinion, satisfied when the notices thereof have been posted as required, whether posted by the trustee in person or by some person selected by him to perform that service, and without regard to whether such person so selected was instructed to post the notices at certain designated public places.    Such is the effect of the holdings in the cases cited above, and especially in the case of Adams v. Zellner, supra, decided by this court, and in Walker v. Taylor, decided by the Court of Civil Appeals for the Fourth District.    In Adams v. Zellner, one of the notices was posted by the trustee at the courthouse door in Hill county, one was mailed to some one at Whitney, and the other to some one at Hubbard or Itasca, with the request in each instance that the notice be posted.    It does not appear that specific directions accompanied the notices that they be posted in places named by the trustee, and, notwithstanding this, it was held that the evidence justified a finding of compliance with the law and terms of the deed of trust.    In Walker v. Taylor, supra, it is correctly said that:

"The strictness required in following the terms of the power granted by the deed of trust is to protect the property of the mortgagor, and when he is satisfied no one else can with reason complain."

There is no one complaining in this case except the appellant, a junior lien holder, and there is no evidence of collusion or fraud to prevent the collection of his debt by means of the security he held.    On the contrary, so far as the record discloses, the makers of the deed of trust in question and all others at interest, except appellant, were and are fully satisfied with the steps taken by the trustee in making the sale to the defendant Deutsch.    Our conclusion is that the district court correctly held that the notices of the sale under which the defendant Deutsch claims the property in controversy were duly posted as required by the deed of trust in question and the statutes of this state, and that, as there is no other question raised which requires a reversal of the case, the judgment of the district court should be affirmed, and it is, accordingly, so ordered.

Affirmed.