## COX v. KIRBY LUMBER CORPORATION et al.

### No. 3466.

Court of Civil Appeals of Texas. Beaumont. May 17, 1939.

Rehearing Denied June 7, 1939.

R. H. Jones, of Livingston, and George E. Holland, of Beaumont, for appellant.

Andrews, Kelley, Kurth & Campbell and E. J. Fountain, all of Houston, V. A. Collins, of Livingston, W. J. Williamson, of Washington, D. C., and J. A. Platt, of Houston, for appellees.

O'QUINN, Justice.

This is a suit in trespass to try title brought by appellant against Kirby Lumber Corporation and West Securities Company, both Texas corporations, to recover the title and possession of a specific tract of 160 acres of land located in the northeast corner of the Henry Gunter 640-acre survey in Polk County, Texas. Appellant's claim is based solely upon the ten-year statute of limitation.

The case was tried to the court without a jury, and judgment rendered that appellant take nothing by his suit, and that the defendant Kirby Lumber Corporation, one of the appellees, on its cross action, recover from appellant the 160 acres of land for which he had sued, and also a tract of 35 acres, a part of the Henry Gunter survey, which was not claimed by appellant. This appeal is from that judgment.

The case was tried on an agreed statement of facts according to which the record title to the whole of the surface estate and one-half of the mineral estate in said land was held by appellee, Kirby Lumber Corporation, and the record title to the other one-half of the mineral estate was held by West Securities Company. The only question is whether Fred Cox, appellant, has title to the 160 acres claimed by him under the ten years statute of limitation, Article 5510, R.S.1925.

The Henry Gunter survey was patented to Henry Gunter in 1842. Title to this survey passed by mesne conveyances to West Lumber Company (now West Securities Company) December 1, 1909. The 160 acres here involved originated with Eugene Taylor beginning to use a portion of same. On June 26, 1915, he executed tenancy contract with West Lumber Company, by which he became the tenant at will of said West Lumber Company, said tenancy to continue from year to year at the will of said company. This contract was duly placed of record. On May 23, 1925, Eugene Taylor, his wife, L. P. Taylor, and Leo Taylor and Elisha Taylor executed a tenancy contract with West Lumber Company, reciting that they were then in possession of and occupying the 160 acres of land (describing same by metes and bounds) and agreeing "to hold possession of the above described lands as tenants of said West Lumber Company, its successors or assigns, at the will of said West Lumber Company," etc. This contract was duly recorded. October 1, 1928, West Lumber Company conveyed the land here involved, together with many other lands, to Kirby Lumber Company, excepting from said conveyance one-half of the minerals in said lands. On December 11, 1929, Eugene Taylor and wife, L. P. Taylor, executed a tenancy contract with Kirby Lumber Company, acknowledging themselves as tenants at will of Kirby Lumber Company of said 160 acres of land, and reciting: "it being understood that we do not own or claim any right, title or interest in any portion of said above described tract of land, except as tenants at will and by sufferance of said Kirby Lumber Company," etc. This contract was duly recorded. Title to the land duly passed into Kirby Lumber Corporation, except one-half of the minerals which are in West Securities Company.

Appellant Cox acquired his claim from Leo Taylor, who is shown by the acknowledgment of tenancy executed by him of date May 23, 1925, to West Lumber Company, to have been the tenant of said company. He testified that J. L. Smith in 1920 opened up some 5 or 6 acres of the land, enclosed same with a fence and cultivated it until 1924 when he turned it over to Leo Taylor, who took possession of the improvements and used same until 1926 when he turned it over to him, Cox, and he annually cultivated the open land and took in some more. That Smith and Leo Taylor claimed 160 acres. Eugene Taylor

was his father-in-law and Leo Taylor his brother-in-law. That he orally bought the land from Leo Taylor in 1926. That he has claimed the 160 acres ever since he verbally bought same from Leo Taylor in 1926. That he did not get a deed to the land until February 28, 1934, when Leo Taylor and J. L. Smith executed a deed conveying the land to him. The consideration recited by the deed was one dollar. He further testified that the fence and field located on the 160 acres was a "separate enclosure to itself and has been that way ever since it was first fenced and occupied." He further testified: "I live right south of where Mr. Taylor lived there. Mr. Eugene Taylor, who is my father-in-law. I have never lived on this 160 acres."

J. L. Smith testified that in 1920 he cleared some 2½ acres of land and cultivated same until 1924 when he sold his claim to Leo Taylor, and that Leo Taylor cultivated the place until 1926 when he sold the claim to Fred Cox, who has since continuously cultivated the improved land. That the house in which Cox lived was not on the 160 acres, but on an adjoining tract.

It thus appears without dispute that appellant Cox's claim to the land was acquired from Leo Taylor by verbal purchase in 1926. It also appears without dispute that Leo Taylor became the tenant at will of West Lumber Company, the owner of the land, by tenancy contract dated May 23, 1925, and so was such tenant at the time he turned the land over to appellant. It is well settled that the relation of landlord and tenant, once established, attaches to all who may succeed such tenant until positive repudiation of the tenancy is brought to the knowledge of the landlord, against whom title by adverse possession is claimed. Houk v. Kirby Petroleum Co., Tex.Com.App., 65 S.W.2d 496. Appellant obtaining possession of the premises from Leo Taylor, who was at the time a tenant of West Lumber Company, the owner of the land, became also a tenant of the owner, and could not hold adversely to the landlord without bringing notice of his repudiation of his tenancy to the landlord, West Lumber Company or its successor in title, Kirby Lumber Corporation. Overstreet v. Houston Oil Co., Tex.Civ.App., 64 S.W.2d 354, writ refused; West Lumber Co. v. Sanders, Tex.Civ.App., 225 S.W. 828, writ refused.

It follows that the judgment should be affirmed, and it is so ordered. Affirmed.

### Additional Findings of Fact.

At appellant's request we make the following additional findings of fact:

1. In 1926, appellant Fred Cox, by verbal sale bought the land in controversy from Leo Taylor. Immediately after the verbal purchase he took possession of the land and cultivated, used and enjoyed same under claim of ownership by virtue of his verbal purchase, continuously for ten consecutive years, or up to the filing of this suit in 1937, during which time it was peaceable. The possession was open, visible and exclusive by appellant in person.

2. Leo Taylor, from whom appellant verbally purchased the land, was at the time he verbally sold the land to appellant, a tenant at will of and by sufferance of West Lumber Company, who was the absolute fee simple owner of the land. Taylor, at the time he verbally sold the land to appellant, was in actual, visible and peaceable possession of the land as such tenant of the true owner. At the time he, Leo Taylor, made the verbal sale of the land to appellant, he delivered possession of said land to appellant, and appellant immediately took possession of same. He nor Leo Taylor never lived on the land, but cultivated the enclosed land each year. He lived on another tract adjoining the land in question.

We think we made substantially these findings in our original opinion, but as requested we make the above findings that there may be no question as to same.