**JAMES et al. v. DAVIS.**

No. 11178.

Court of Civil Appeals of Texas. Galveston.

April 10, 1941.

W. R. Petty, of Palestine, for appellants.
J. D. Pickett, of Palestine, for appellee.

GRAVES, Justice.

"This appeal is from a judgment of the district court of Anderson County, Texas, in favor of Joe N. Davis, appellee, and against Maggie James, Maymon Durham, Herbert Durham, and Willie Miers, who were plaintiffs, rendered by the court without the aid of a jury, on the 29th day of May, 1940. The plaintiffs, claiming to be the sole surviving heirs of Sallie Durham, deceased, filed the suit on September 25, 1936, against Joe N. Davis to recover the title and possession of Lots 7 and 8 in Block M of Jackson's Addition to the City of Palestine. The defendant, Davis, pleaded the general denial and plea of not guilty, and filed a cross-action, praying for the title and possession of the land and for judgment against Willie Miers, one of the plaintiffs, in the sum of $121.50 for rentals alleged to have accrued while Miers was in possession of said property and was withholding the same from the defendant. The trial court rendered a "take-nothing" judgment against appellants, who were plaintiffs in the trial court, and rendered judgment in favor of appellee on his cross-action for the title and possession of the premises involved, and for the sum of $30.95 against Willie Miers, as rental, and for costs of suit."

In protest against the judgment so adverse to them below, the appellants, upon a transcript and statement of facts of the trial proceedings, which have been duly permitted to be filed, and upon an affidavit in forma pauperis in lieu of an appeal bond for costs, present to this court in their briefs—oral arguments here having been waived by both sides—their contentions for a reversal in eight propositions of law, which may, in substance, be abridged as follows:

"First. Where three of the plaintiffs execute a deed of trust to J. F. Grigsby, as trustee, on land (town lots) to secure a note executed by them, plaintiffs, to Mrs. Clara E. Davis, afterwards the said trustee on the 6th day of September, 1932, sells said land at trustee's sale and executed a deed to the defendant, son and legatee under the will of Mrs. Clara E. Davis, the plaintiffs bring a suit in trespass to try title, and to set aside the trustee's sale and deed, alleging said sale and deed are void, for failure to comply with the provisions of said deed of trust as to notice to plaintiffs and publication of said sale; the defendant two days before the trial of the cause, without the

knowledge of the plaintiffs, takes a deed to himself from T. C. Ritchey, to the land in question, T. C. Ritchey, having on the 30th day of November, 1927, taken a deed to the land from Sallie Durham, the mother of the plaintiffs, the plaintiffs at all times after the date of the deed of Ritchey being in possession of the land, such possession being known to the defendant, the plaintiffs are entitled to show by the testimony of Maggie James, one of the plaintiffs, that the deed executed by Sallie Durham to Ritchey was given to secure a sum of money borrowed by Sallie Durham from Ritchey, and that said sum of money had been paid, for the purpose of showing that the deed was not an outstanding title, and that the defendant acquired no title by said deed from Ritchey.

"Second. Where (reiterating same recitals as in No. 1), the plaintiffs are entitled to show by the testimony of W. R. Petty that T. C. Ritchey admitted and stated to him that the deed to himself, T. C. Ritchey, was executed to secure a sum of money borrowed by Sallie Durham from him, Ritchey, and that the money had been paid back to him, for the purpose of showing that the same was not an outstanding title, and that T. C. Ritchey had no title to convey to the land, and that the defendant acquired no title by said deed from Ritchey.

"Third. Where the plaintiffs are in the actual possession of the land, claiming to be the owners and exercising ownership and control over the same, the defendant takes a deed thereto from T. C. Ritchey, Ritchey never having been in possession of the land nor exercising any character of control thereof, the defendant having actual notice of the plaintiffs' possession and claim of title, the possession of the plaintiffs and their claims of title are notice to the defendant of any claim of title or rights that they have, and by the defendant by his deed from Ritchey acquires no title.

"Fourth. The plaintiffs executed a deed of trust to J. F. Grigsby, as trustee, on land to secure a note executed by them to Mrs. Clara E. Davis; the deed of trust providing, in the event of a sale thereunder, the method and character of advertisement and notice of said sale to be given, and what notice should be given to the makers of said deed of trust, prior to the sale, the trustee sells said land under the powers granted in said deed of trust to and executed a deed to the defendant, but fails prior to said sale to strictly comply with the provision in

said deed of trust, as to the character, nature, and kind of advertisement of said sale, and the notice to be given, the sale made by the trustee and the deed executed by him to the defendant are void and convey no title to him to the land.

"Fifth. * * * said deed of trust provides that after said note becomes due, any part of said note remaining due and unpaid, the trustee, at the request of Mrs. Clara E. Davis, shall proceed to sell the land at public sale. That said trustee, at the request of defendant Joe N. Davis, the son and attorney for Mrs. Clara E. Davis, proceeded to advertise and sell said land to and make a deed to Joe N. Davis, the defendant, said sale and the deed made by the trustee to the land are void and convey no title to the purchaser at such sale.

"Sixth. Where * * *, after said note became due, there being a balance of $31.00 due thereon, the trustee sells said property at trustee's sale, but fails to advertise said sale and give notice of said sale and to give to the plaintiffs the notice of said sale as provided in said deed of trust, the plaintiffs having no kind or character of notice of such sale, and knowing nothing about said sale, and at such sale the land, of the value $500.00, was sold to the defendant for the small and inadequate sum of $40.00, the court should set aside said sale and deed and render judgment for the plaintiffs.

"Seventh. Where plaintiffs borrow $60.-00 from Mrs. Clara E. Davis and they are required to execute their note for the sum of $71.00 bearing interest at the rate of ten per cent per annum from the date thereof, and due in two months after date, said note is usurious, and all sums paid thereon must be paid on the principal and when said sum of $60.00 is paid the deed of trust lien given on land to secure the payment of said note is fully discharged, and a sale of said property for usurious interest in part is void and the deed made is void.

"Eighth. Where a judgment is against the great weight and preponderance of the evidence the court should not render a judgment for the defendant, and the cause will be reversed on appeal."

To these presentments the appellee, likewise by brief, responds with counter-propositions bearing the same numbers, respectively, which may be, in material features, condensed this way:

"No. 1. The trial court did not err in refusing to permit Maggie James to testify, in effect, that Sallie Durham borrowed money from one T. C. Ritchey on November 30, 1927, and on that date executed a deed conveying to Ritchey the premises in controversy, which deed was intended to be a mortgage or deed of trust securing the sum so borrowed, and that said borrowed money had been paid in full to T. C. Ritchey and the lien satisfied; because plaintiffs claimed title to the premises through their mother, Sallie Durham, and this was an action by heirs of the decedent, and the proffered testimony of Maggie James was inhibited by R.S., Article 3716.

"No. 2. (a) The trial court did not err in refusing to permit Mr. W. R. Petty, attorney for appellants, to testify to purported declarations of T. C. Ritchey, to the effect that the deed of Sallie Durham in evidence was made to secure money borrowed, and that the money had been paid back; because, the evidence showed that Ritchey was not in possession of the premises at the time the declaration was made; and that the proffered testimony was hearsay. Declarations of a person in disparagement of his title are admissible only if made while the declarant is in possession, and then only in explanation of his possession. Declarations are never admissible to show title, nor the absence of it.

"(b) Because, in a suit by the heirs of a grantor against an innocent holder under grantor's immediate grantee, evidence in the form of declarations by the immediate grantee in disparagement of his duly executed deed to the purchaser is not admissible, and cannot form the basis of findings of fact or of a judgment on such findings. A purchaser from grantee may rely on grantor's deed absolutely alienating title, although grantor continues in possession of the premises.

"No. 3. The fact that appellants were in possession of the premises in controversy and were claiming the same, as against appellee, at the time appellee purchased the premises from T. C. Ritchey for a valuable consideration and received Ritchey's deed; is not effective, in law, to give appellee notice that Sallie Durham's deed to Ritchey was a mortgage, if it was in fact a mortgage; because, appellants were holding possession of said premises as tenants of appellee at the time said suit was filed, they never having surrendered possession nor vacated said premises prior to the filing of their suit, and there was nothing in their pleadings to put appellee on notice that

the deed under which Ritchey claimed was intended as a mortgage.

"No. 4. The sale of the land in question by the trustee after posting notices thereof at three public places in the county, as required by the law governing sales of real estate under powers conferred by deeds of trust, and after mailing notices of such sale to the record-owners of the title, vested title to the land in the purchaser; because, this proceeding was a compliance with the provisions of the deed of trust and with the provisions of the statute governing such sales.

"No. 5. The sale of the premises in controversy by the trustee after written demand therefor, which demand was prepared by mortgagee's attorney at her request, and was signed by mortgagee, who requested her attorney to deliver the demand, was a valid exercise of the power contained in the deed of trust. The law did not require that the mortgagee perform in person the mechanical act of writing and delivering the demand to enforce the trust. Even if formal proof had not been made of demand by the mortgagee, the fact of demand would be presumed as a matter of law from the evidence and the record.

"No. 6. The method of advertising the sale of the premises in controversy by the trustee, and the price for which said premises was sold, give no ground for setting aside the sale and the trustee's deed to appellee; because, prior to the sale, the trustee advertised said sale in the manner and form and for the length of time required under the terms of the trust and under the law, and, in addition thereto, caused notices of said sale to be mailed to each of the appellants at his last-known postoffice address. In view of the character and location of the property involved, together with the fact that there were delinquent taxes against it of several hundred dollars, the sum of $40.00, which appellee bid for the property, was all it was worth.

"No. 7. (a) Appellants' note to Mrs. Clara E. Davis for the sum of $71.00, which included $11.00 to pay a filing fee and to pay the attorney for drawing the note and deed of trust, was not usurious; because, the attorney-fee and the filing-fee are legitimate service charges and not interest.

"(b) If appellants' note and deed of trust had been given to secure a usurious contract debt, the trustee's sale to enforce the trust and his deed pursuant to the sale passed a good title to the purchaser; because, after notice of the sale had been given to the mortgagors, they neither paid nor tendered the amount legally due.

"No. 8. (a) Appellants' eighth proposition, wherein they contend the case should be reversed on the ground that the judgment was against the great weight and preponderance of the evidence, is not entitled to be considered by the court; because, appellants do not append to said proposition any statement from the record in support of said proposition.

"(b) The weight and proponderance of the evidence support the judgment rendered by the trial court. If the judgment of the trial court is not supported by the weight and preponderance of the evidence, nevertheless there was sufficient evidence in the record to make an issue of fact; and the court having found the facts contrary to appellants' theory, the judgment should be affirmed."

The appellee further aids this court with a preliminary statement of what are alleged to be the undisputed facts underlying this controversy, this much of which this court finds to be so supported in the evidence, hence adopts as its own:

"This suit arose out of a transaction between appellants and Mrs. Clara E. Davis, mother of appellee, wherein appellants, on January 21, 1929, borrowed from Mrs. Davis the sum of $71.00, and, as security for the loan, executed a note for that amount payable to Mrs. Davis and a deed of trust to secure payment of the note, covering the land in controversy. Said loan was to be repaid within sixty days. $11.00 of said loan was to pay Mrs. Davis' attorney, Joe N. Davis, appellee, for his services in drawing the deed of trust, the promissory note, and in recording said deed of trust. On the 6th day of September, 1932, there was due on said note the sum of $65.21, and the plaintiffs having failed to pay the same, Mrs. Davis, having exercised her option to declare the whole amount due, and having requested the trustee to enforce the terms of the trust by selling the property at public auction, and the sale of said property having been advertised as required by law, the same was sold on the 6th day of September, 1932, for the sum of $40.00 in cash, and appellee was the purchaser, and the trustee exe-

cuted his deed conveying the same to appellee.

"The evidence showed that from the time said promissory note and deed of trust were given up to the 6th day of September, 1932, that the makers of said promissory note paid on said note the sum of $42.15. The evidence further showed that, after appellee purchased said land at the trustee's sale, appellants rented said land from appellee, and that they paid him the sum of $57.25, as rental, in small sums, over a period from September 6, 1932, to January 25, 1935. Appellee offered in evidence the receipts, found in the possession of appellants, to show the amount of money paid to him as rental by appellants."

At the outset, the trial court having neither filed findings of fact or law in support of its judgment, nor having been requested to do either, this court is left dependent upon the general statement of facts, as aided by the parties in concreting their contentions as to what the facts were into the statements required of them under the court's rules.

■ While this court agrees with appellee's objection in his eighth counter-proposition that appellants' corresponding eighth proposition, undertaking to challenge the sufficiency of the evidence to support the judgment rendered, is not entitled to consideration, because there is only appended thereto—instead of such required statement—this wholly inadequate recitation: "See statement under all other propositions, as the matters pertaining to the weight and preponderance of the evidence as we think has been stated and that the statements show the evidence thoroughly"; still the appellee is also inept, in so much of his answering position as asserts the judgment should be affirmed provided "there was sufficient evidence in the record to make an issue of fact"; that is not the rule upon that subject, which is that—whether the trial was before the court or a jury—the evidence must not only have been sufficient to raise an issue of fact, but also to support the finding of either court or jury thereon.

■ However, this matter becomes wholly immaterial because of the fact that this court, ignoring the insufficiency of appellants' stated challenge of the sufficiency of the evidence to sustain the trial court's determination, has gone into the statement-of-facts, with the result that it finds no such lack of supporting evidence as would authorize it, in the exercise of its exclusive province to determine the weight of the evidence, to set aside any presumed finding of the trial court as being so against the great weight and preponderance of the evidence as to be clearly wrong; accordingly, it makes that as its own finding, in consequence overruling appellants' eighth proposition, thus initially, as not being well founded.

Recurring, then, to a consideration of appellants' other propositions 1 to 7, inclusive; after careful consideration of the record, it is determined that they likewise, each and all, should be overruled.

They will be thus disposed of seriatim, using their successive numbers:

■ (1) The evidence undisputedly shows that Sallie Durham was the common source of title to the land here involved between the appellants and the appellee; she was the mother of appellants, and, in this suit, they claimed title to the land through and under her, hence this was a straightaway action by the heirs (and the sole heirs) of Sallie Durham, deceased, for the recovery of land she had left them, hence plainly—it seems to this court—the proffered testimony of Maggie James, which is fully recited in the respective propositions No. 1 of the parties, contravened the provisions of R.S.Article 3716; 14 Tex.Jur. 327, sec. 543; Walls v. Cruse, Tex.Com.App., 235 S.W. 199; Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 299, 239 S.W. 185; Huff v. Huff, Tex.Civ.App., 72 S.W.2d 675, error dismissed.

■ (2) The excluded testimony of the witness W. R. Petty, which likewise is fully recited in material substance in respective propositions No. 2 of the parties, was properly subject to these two objections: (a) It undisputedly appeared that Ritchey was not in possession of the land when the alleged declarations by him in disparagement of his title thereto were made, hence a reproduction thereof would have been mere hearsay testimony. O'Brien v. Hilburn, 22 Tex. 616, 617; 17 Tex.Jur. 589, Sec. 246; Mooring & Lyon v. McBride, 62 Tex. 309; Trinity County Lumber Co. v. Pinckard, 4 Tex.Civ.App. 671, 23 S.W. 720; Cuellar v. DeWitt, 5 Tex.Civ.App. 568, 24 S.W. 671; Chew v. Jackson, 45 Tex.Civ.App. 656, 102 S.W. 427; Jones Comm. on Evidence, 2nd Edition, Vol. 2, p. 1677, Sec. 910; Id. page 1666, Sec. 907. (b) The evidence shows,

and presumably the trial court found, that the appellee Davis was an innocent holder of this land under T. C. Ritchey as the immediate grantee under grantor Sallie Durham's deed conveying it to him, wherefore, under what seems to be our well-settled authorities, such declarations by the immediate grantee in disparagement of his properly executed conveyance to such a purchaser are neither admissible against such purchaser in a subsequent suit for the land, nor can they form the basis of findings of fact, or a judgment thereon, against him; that is, such a purchaser from such a grantee, it seems, may rely upon the latter's grantor's deed, alienating her title, although she continued in possession of the property. Eylar v. Eylar, 60 Tex. 315; Ramirez v. Bell, Tex.Civ.App., 298 S.W. 924, Syllabus 2; Bookhout v. McGeorge, Tex.Civ.App., 65 S.W. 2d 512, error dismissed; Barron v. Theophilakos, Tex.Civ.App., 13 S.W.2d 739; Dallas Trust & Savings Bank v. Pickett, Tex.Civ.App., 59 S.W.2d 1090, error dismissed; Michna v. Crane, Tex.Civ.App., 28 S.W.2d 837; Sperry v. Moody, Tex.Civ.App., 269 S.W. 272; King v. Lane, Tex.Civ.App., 186 S.W. 392; National Bond & Mtg. Corp. v. Davis, Tex.Com.App., 60 S.W.2d 429; Hoffman v. Blume, 64 Tex. 334.

■ (3) Appellants' contention in this particular—that their possession and claim constituted notice to the appellee of any claims or rights in the property they had, and, in consequence, that he could have acquired no title under his deed from Ritchey—is completely answered by the conclusive showing in this record that the appellants had never at any time surrendered their possession and occupancy of this land, which on the 6th day of September, 1932, they went into as the tenants of the appellee, that they were so holding it thereafter prior to, and at the time of, their filing of this suit, as well as when it was tried; further by the fact that, nowhere in their pleadings, had they ever put appellee on notice that the deed from Sallie Durham to Ritchey was claimed to have been intended as a mortgage. Bookhout v. McGeorge, Tex.Civ.App., 65 S.W. 2d 512, error dismissed; Eylar v. Eylar, 60 Tex. 315; Ramirez v. Bell, Tex.Civ.App., 298 S.W. 924, error refused; Tyler v. Davis, 61 Tex. 674; 35 C.J. page 1229, Sec. 570; Juneman v. Franklin, 67 Tex. 411, 3 S.W. 562; Lumpkin v. Woods, Tex.Civ.App., 135 S. W. 1139; Cox v. Kirby Lumber Co., Tex.

Civ.App., 129 S.W.2d 376; Fowler v. Simpson, 79 Tex. 611, 15 S.W. 682, 23 Am.St.Rep. 370; Richardson v. Houston Oil Co., Tex.Civ.App., 176 S.W. 628; Cobb v. Robertson, 99 Tex. 138, 86 S.W. 746, 87 S.W. 1148, 122 Am.St.Rep. 609; McKie v. Anderson, 78 Tex. 207, 14 S.W. 576; Andrews v. Parker, 48 Tex. 94; 16 R.C.L. page 649, Sec. 137; Page 653, Section 140; page 657, Sec. 144; page 659, Sec. 146.

■ (4) On this phase, the gist of appellants' claim is that the trustee Grigsby's sale of the land, under the deed of trust, was invalid, because no notice was given of such sale as was required for judicial sales of real estate, pursuant to R.S.Article 3808—that is, no such notice was published in a newspaper, nor did the trustee give written notice of the sale, either in person or by mail, to the appellants. It is thought appellants have mistaken the procedure requisite in such an instance as this, since it appears that the procedure taken in this case was a compliance with the provisions of this deed of trust, as well as of those of the statute governing such sales under a deed of trust, to-wit, R.S.Article 3810; that is, the undisputed evidence here shows that notices of the sale were posted at three public places in Anderson County, after like notices thereof had been mailed to all the record owners of the title at their postoffice addresses.

■ (5) Appellants' insistence under this proposition that Mrs. Clara E. Davis, the owner of the indebtedness secured by the deed of trust in question, did not request that the sale be made, but that the request therefor had been made by the appellee, Joe N. Davis, in his own behalf, is without any evidence to support it—the conclusive proof being that the appellee, as his mother's attorney, and at her request, prepared in writing a written demand upon the trustee to make the sale, which was signed by his mother and delivered to the trustee, who conducted the sale pursuant thereto. This procedure constituted a full compliance with the requirement of the law in such circumstances. 29 Tex.Jur. p. 981, Sec. 141; Wilson v. Armstrong, Tex.Civ. App., 236 S.W. 755; Titterington v. Deutsch, Tex.Civ.App., 179 S.W. 279; Roe v. Davis, Tex.Civ.App., 142 S.W. 950; Id., 106 Tex. 537, 172 S.W. 708; Walker v. Taylor, Tex.Civ.App., 142 S.W. 31, error refused; Southland Lumber Co. v. Boyd, Tex.Com.App., 244 S.W. 119; Adams v.

Zellner, 107 Tex. 653, 183 S.W. 1143; Jouett v. Gunn, 13 Tex.Civ.App. 84, 35 S.W. 194.

(6) The claim of inadequacy of price, as well as other inequities, in the sale of the property by the trustee for $40, at which sale the appellee himself became the purchaser, is likewise thought to be far afield from the actuality shown by the undisputed evidence; in the first place, as indicated supra, the trustee duly advertised the sale in the manner and form and for the length of time required under both the terms of the trust deed itself and the law applicable thereto, causing notices thereof to be mailed to each of the appellants in advance; in the second place, when the character, location, and condition of it at that time, as indisputably presented to the trial court, are shown, even the small $40 sum the property brought would seem to have been more than it was then worth; at least such a finding as that by the trial court, if it had been made, could not be set aside as being against the overwhelming weight of the evidence. In addition to all other attending conditions, it was shown that at the time of such sale there were some $300 or $400, at least, of delinquent taxes due and unpaid against the property.

However, even if there had been an inadequacy of price obtained at such sale, that alone would not have rendered the sale invalid. Thornton v. Goodman, Tex.Com.App., 216 S.W. 147; House v. Robertson, 89 Tex. 681, 36 S.W. 251; Irvin v. Ferguson, 83 Tex. 491, 18 S.W. 820; Klein v. Glass, 53 Tex. 37; Pearson v. Flanagan, 52 Tex. 266.

Moreover, appellee was an innocent purchaser of the property anyway, as indicated supra, hence his deed from Ritchey vested him with the title to it, irrespective of whether the sale under the deed of trust by Grigsby had been properly carried out. Bookhout v. McGeorge, Tex.Civ.App., 65 S.W.2d 512, error dismissed; Eylar v. Eylar, 60 Tex. 315; Ramirez v. Bell, Tex.Civ.App., 298 S.W. 924, error refused; Hawley v. Geer, Tex.Sup., 17 S.W. 914, 915; Watkins v. Sproull, 8 Tex.Civ.App. 427, 28 S.W. 356; Hickman v. Hoffman, 11 Tex.Civ.App. 605, 33 S.W. 257.

(7) The claim hereunder for usury in this transaction is likewise shown to be inept, in that Mrs. Clara E. Davis' note for $71 was proven to have included $11, to cover both a filing fee and her attorney's fee for drawing the note and deed of trust,

hence there was not usury, since the attorney's and filing fees are legitimate service charges, and do not constitute interest. Miller v. Gibralter Sav. & Bldg. Ass'n, Tex.Civ.App., 132 S.W.2d 606, error dismissed; Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464.

These conclusions require an affirmance of the judgment; it will be so ordered,

Affirmed.