### P. T. HICKMAN ET UX. V. R. HOFFMAN.

#### No. 716.

**1. Bona Fide Purchaser—Conveyance to One Having Notice.**

A purchaser of land for value without notice of existing claims takes it free from such claims, and a suit subsequently filed to enforce the claims will not affect his status as an innocent purchaser, nor prevent his deed from conveying perfect title to a subsequent purchaser for value, who may be chargeable with notice of such suit.

**2. Same—Fraud of Husband Upon Wife.**

Fraud by the husband in procuring a sale by the wife of land which is her separate property, will not affect a subsequent purchaser of the land who pays an adequate consideration therefor, without knowledge or notice of such fraud.

**3. Same—Possession by Vendor Not Notice, When.**

Possession of land by the vendors, a husband and wife, after their conveyance of it, will not of itself charge a subsequent purchaser with notice of equities of the wife by reason of the husband's fraud, where such purchaser buys under a regular chain of transfer, without notice or knowledge of such fraud, and, upon making inquiry as to such possession before his purchase, is informed that the parties on the land would soon leave it.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*S. H. Lumpkin,* for appellant.

*Lockett & Kimball,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued Hickman and wife to try title to two tracts of land, one containing 400 acres, the other 1142½

acres, in Bosque County. It was alleged that fifty acres were in cultivation, and there was a claim pleaded of five dollars per annum per acre rents for the cultivated land and fifty cents per annum per acre for the 1492½ acres remaining. It was answered that in January, 1893, appellants had recovered a judgment against one J. A. Story, through whom appellee claimed the 1142½ acre tract, for $2750, and other sums in the hands of referees, and that the basis of said judgment was part of the purchase money for said 1142½ acres of land, and that the judgment was still in full force and effect, and that appellee had full knowledge of the judgment. It was further answered that appellee claimed the 400-acre tract through a deed from C. Voss; that the said tract was the homestead and separate property of the wife, S. D. Hickman; that when she signed and acknowledged the deed conveying the land to Voss, she did so under the representation that $4800 cash was to be paid to her or her husband, and a debt and lien for $2200 assumed for the land, and that she instructed her husband not to deliver the deed until that consideration was paid; that the debt and lien for $2200, which was a charge against the 400 acres of land, was not paid by said Voss. Fraud on the part of the husband was alleged, and that appellants had never surrendered possession of the premises, but were in possession and holding the same, and that Voss and appellee had full notice of both the fraud and the possession.

There was a verdict for appellee for the land, and for $997 for rents for two years, seven months and twenty-eight days, at the rate of two dollars per acre per annum on 140 acres in cultivation, and $100 per annum for the remaining 1492½ acres.

We draw the following conclusions from the statement of facts: On December 5, 1890, P. T. Hickman and his wife S. D. Hickman, by a deed which was duly acknowledged, conveyed to J. A. Story the 1142½ acres tract of land, which deed was recorded on December 6, 1890. On January 21, 1891, the same land was by warranty deed conveyed by J. A. Story and wife, Mary Story, to C. Voss, which was duly acknowledged on same day, and filed for record on January 23, and on January 24, 1891, duly recorded.

On January 16, 1891, appellants conveyed the 400-acre tract in controversy to C. Voss, and the deed of conveyance was duly acknowledged and recorded, the recitals showing a consideration of $4800, and the assumption of the payment of a debt of $2200 to J. & R. L. Brown, secured by a mortgage on the said land. On October 3, 1891, both tracts were conveyed by deed properly acknowledged and recorded from C. Voss to L. Voss, and on January 5, 1892, the same land was conveyed by L. Voss to R. Hoffman, the appellee. Appellee was a bona fide purchaser of the land in controversy, without notice of any claim that appellants or either of them may have had to the land, and paid a full consideration for the same. Both C. Voss and L. Voss paid the full purchase money for the land, in good faith, without notice of any equities held by appellants.

The first assignment claims error in the action of the court in sustain-

ing a special exception to that part of the answer setting up the judgment against J. A. Story, and asking a foreclosure of the vendor's lien on the 1142½ acres of land. We are of the opinion that the action of the court was not erroneous. The copy of the judgment against Story, attached as an exhibit to the petition, shows that the vendor's lien was not foreclosed against the land, and the judgment could have had no possible bearing upon the matters in issue before the court. If it had been shown that appellee was cognizant of the recitals in the judgment, it would have affected him with a notice only that appellants had a claim against J. A. Story for a money demand, and that certain money in the hands of Koss Barry and N. Massey was a part of the proceeds of the wool from sheep in controversy, and that appellants were entitled to it. The petition, answers, charge and judgment in the case of the appellants against Story were all introduced in evidence, and an inspection of the original and supplemental petitions shows that appellants were not seeking in the Story suit to foreclose a vendor's lien, but to recover certain trust funds in his hands arising from the sale of lands and from certain sheep. Had the action of the court been erroneous, it could not have injured appellants, as the testimony fails to support the allegations in the petition in this cause. The authorities cited have not the slightest applicability to the case presented by the record.

C. Voss purchased the land from Story long before the suit was instituted by Hickman and wife against Story, and whatever may have been the allegations in the petitions or the recitals in the judgment, they could not have affected his status of innocent purchaser, and a good title would have passed from Voss to Hoffman, even though the latter had full notice of the judgment against Story. Wallace v. Campbell, 54 Texas, 90.

The second assignment of error is without merit. If it were shown that the deed executed by Mrs. Hickman to C. Voss was procured by fraud on the part of her husband, the evidence clearly indicates that neither Voss nor appellee had any knowledge of or participated in the fraud, and it is not an open question in this State, that having given an adequate consideration for the land, they would not be affected by the fraud. Hartley v. Frosh, 6 Texas, 208; Shelby v. Burtis, 18 Texas, 644; Wiley v. Prince, 21 Texas, 637; Williams v. Pouns, 48 Texas, 146; Kocourek v. Marak, 54 Texas, 205; Davis v. Kennedy, 58 Texas, 517; Pierce v. Fort, 60 Texas, 464; Webb v. Burney, 70 Texas, 322; Stallings v. Hullum, 79 Texas, 421.

The testimony showing that the Hickmans had by regular transfers conveyed the land, and that appellee had no notice of any equities of Mrs. Hickman that might attach to the land, and were ignorant of any fraud that may have been perpetrated upon her, possession of the land by the Hickmans would not be sufficient to fix notice upon appellee. Hurt v. Cooper, 63 Texas, 362; Heidenheimer v. Stuart, 65 Texas, 321; Love v. Breedlove, 75 Texas, 649.

If it be held that the office of possession in the matter of notice is to put the purchaser upon inquiry, still it has no effect in determining what the

inquiry shall be, or to whom it shall be addressed. Eylar v. Eylar. 60 Texas, 315. Appellee not only examined the title papers from the Hickmans, but inquired as to the possession of the land, and was told that a man was on it who would leave in the spring. It was in evidence that Voss permitted Hickman to remain on the land as his tenant.

We are of the opinion that the allegations do not sustain the amount found by the jury for rents, and the appellee, having signified in his brief his willingness to remit any excess that might appear to this court, a remittitur of $463 will be entered, and the judgment as reduced affirmed.

*Affirmed.*

Delivered November 27, 1895.

Writ of error refused.