INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. JOE STILL.

Decided June 7, 1905.

**1.—Fellow Servants—Railroad Employes—Statute Construed.**

Where several railroad employes, constituting a bridge gang, and under the direction of a single foreman, were divided into two squads and ordered to remove bales of cotton from one side to the other of a platform then being repaired, each squad separately moving a bale, and one of such employes was injured by reason of those in the other squad rolling a bale of cotton against him, the injured employe and the others were not fellow servants, since the statute provides, with reference to railroad employes, that, in order to be fellow servants, they must be engaged in the same character of work and also at the same piece of work. (Rev. Stats., arts. 4560 f, 4560 g, as amended by Laws 1897, p. 14.)

**2.—Same—Negligence—Issues of Law and Fact.**

The facts as to the relation of the injured employe to his coemployes being undisputed, the question whether they were fellow servants was one of law; but the question of negligence on the part of his coemployes, in rolling the bale of cotton against him, was an issue for the jury.

**3.—Same—Statute Constitutional**

The Texas fellow–servants statute, relating to railway employes, is constitutional, and not in violation of the Fourteenth Amendment.

**4.—Same—Negligence of Foreman—Issue Not Raised.**

It was reversible error for the charge to submit to the jury the issue of negligence on the part of the foreman of the gang where the evidence was not sufficient to raise that issue, since it showed merely that he directed the men to move the bales of cotton, and that he was not present at the time of the injury.

Appeal from the District Court of Rusk. Tried below before Hon. Richard B. Levy.

*N. A. Stedman* and *Gould & Morris,* for appellant.—1. Plaintiff and his companion, and the men who were engaged in rolling the bale of cotton behind them were, at the time of the accident, engaged in the common service of the defendant, and while so employed they were in the same grade of employment, and were doing the same character of work and service, and were working at the same time and place, and at the same piece of work, and to a common purpose, and were, therefore, fellow servants, for the negligence of whom the plaintiff was not entitled to recover. Rev. Stats. of 1895, art. 4560 h; Gulf, C. & S. F. Ry. Co. v. Howard, 80 S. W. Rep., 229; Galveston, H. & S. A. Ry. Co. v. Cloyd, 78 S. W. Rep., 45; Lakey v. Texas & P. Ry. Co., 75 S. W. Rep., 566.

2. The Act of June 18, 1897, is unconstitutional and void by violating that portion of section 1 of the Fourteenth Amendment of the Constitution of the United States which prohibits any State from denying any person within its jurisdiction the equal protection of the law. Sec. 1, 14th Amend., Const. of U. S.; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; C., K. & W. Ry. Co. v. Pontius, 157 U. S., 209; Missouri, K. & T. Ry. Co. v. Freeman, 79 S. W. Rep., 9.

*Johnson & Edwards,* for appellee.—1. Appellant's servants, who rolled the bale of cotton upon appellee and injured him, were not his fellow servants; appellee and said other servants were not working together at the same piece of work when appellee was injured. Sayles' Civ. Stats., art. 4560 h; Fellow-servants Act of June 18, 1897; Long v. Railway Co., 94 Texas, 53.

2. Our Fellow-servants Act is the rightful exercise of the power of the State to select, distinguish and classify objects of legislation, and, all persons similarly situated, and falling within the same category, being treated with equality, the Act is not a denial of the equal protection of the law nor repugnant to the Fourteenth Amendment of the Federal Constitution. Campbell v. Cook, 24 S. W. Rep., 977; Campbell v. Cook, 86 Texas, 630; Tullis v. Railway Co., 175 U. S., 348; Callahan v. Railway Co., 71 S. W. Rep., 208, affirmed, 194 U. S., 628; Railway Co. v. Matthews, 174 U. S., 96; Railway Co. v. Herrick, 127 U. S., 210; Railway Co. v. Mackey, 127 U. S., 205; Railway Co. v. Miller, 90 Ga., 571, 16 S. E. Rep., 939; Rayburn v. Railway Co., 74 Iowa, 637, 35 N. W. Rep., 606; Ditberner v. Railway Co., 47 Wis., 138, 2 N. W. Rep., 69; Herrick v. Railway Co., 31 Minn., 11, 16 N. W. Rep.,

413; Railway Co. v. Haley, 25 Kan., 35; State v. Smith, 58 Minn., 35, 50 N. W. Rep., 545; State v. Nelson, 52 Ohio, 88, 39 N. E. Rep., 22; Carroll v. Railway Co., 88 Mo., 239, 59 Am. Dec., 382.

GILL, Associate Justice.—The appellee sued the appellant railway company for damages for personal injuries sustained by him, and in a jury trial procured a verdict and judgment, from which the defendant company has appealed. Plaintiff's action was based on the alleged negligence of the defendant's servants in rolling a bale of cotton on his foot while he, in the service of the company, was engaged in rolling a different bale, and also on the alleged negligence of the foreman in superintendence of the work, in failing to exercise care to avert the injury.

The defendant answered by general denial, a plea of contributory negligence, and that the accident was due to the negligence of those who were fellow servants of plaintiff.

Appellee was a member of a "bridge gang" in the service of appellant, and in March, 1903, was injured under the following circumstances: The bridge gang, under direction of its foreman, were engaged in repairing appellant's cotton platform at the town of Kilgore. There were about twenty-five bales of cotton on the north portion of the old platform, and the workmen first reconstructed and repaired the south half or portion of the platform, leaving an open space about six feet wide between the new and the old portions. They bridged this space with planks and undertook with their hands to roll the bales of cotton onto the new portion of the platform, in order to reconstruct and repair the other portion. The men were not supplied with cotton hooks or other implements with which to handle the cotton. The foreman directed five members of his crew to move the cotton, and he divided these into two separate squads by directing appellee and one Gus Little to act together, and roll the same bale, and the other three men to act together and roll a separate bale. Appellee and Gus Little, working together, and rolling one bale at a time, had rolled about five bales onto the completed part of the platform, and the other three men, working together and rolling one bale at a time, had rolled about five bales onto the completed part of the platform, when appellee was injured. Appellee and Gus Little always rolled the same bale together, no other person aiding them, and the other three men always rolled the same bale together, neither appellee nor Little aiding them. Appellee and Little were always in front with their bales, the other three men rolling their bales along behind them. On the unrepaired portion of the platform was a post supporting the corner of a small shed, and the men in rolling the cotton had to stop at or near this post each time and turn the bales, by lifting or sliding the end around, so as to get them in position to be rolled directly across the planks; and this had been done by appellee and Little and by the other three men with each respective bale.

After each squad had rolled about five bales of the cotton on to the new portion of the platform, appellee and Little were rolling another bale, and, reaching this post, halted an instant to turn the bale by sliding its end; appellee was stooping to take hold of the bale again,

with one foot behind the other and resting on the toe, when the other three men, rolling a separate bale, rolled the same up behind appellee and rolled it against him and it fell upon his leg and foot, severely injuring him. The foreman was not immediately present at the time of the accident, but had started or gone to the business portion of the little town where the accident occurred.

It is apparent from the facts stated that the negligence of those who rolled the bale on plaintiff's foot was an issue for the jury. Whether they were fellow servants of plaintiff is a question of law, the facts as to their relation to him being undisputed.

The appellant assails the judgment upon four distinct grounds: First. That there was no evidence of negligence on the part of defendant's servants in rolling the bale of cotton against plaintiff's foot. Second. The employes rolling the bale which caused the accident were fellow servants of plaintiff, and this notwithstanding the fellow servants law as amended by the Act of 1897. Third. That if the Act in question be construed to apply to work of the character of that in which plaintiff was engaged at the time of the accident, the Act is obnoxious to the Federal Constitution. Fourth. The court erred in submitting to the jury the issue of the foreman's negligence because there was no evidence to authorize its submission.

We have already disposed of the first objection in stating that the issue was presented by the evidence.

The second objection presents a question of greater difficulty. By the common law, as construed by our Supreme Court, all persons engaged in the service of the same master and working to a common purpose, whether or not they were in the same grade of service or in the same department, and however widely their service might be separated, were fellow servants within the rule which exempted the master from liability to one for the negligence of another. Railway Company v. Welch, 72 Texas, 298.

Against the rule thus broadly stated and as broadly applied, our Supreme Court had begun to protest, it being manifest that in many cases under conditions now existing in many departments of business and commerce such reasons as might justify the doctrine generally had ceased to exist. The rule, however, was too well defined and too firmly established to be set aside by the courts. Welch's Case, supra.

By the Act of March 10, 1891, the rule as applied to railway companies was modified so that in order to make their employes fellow servants they must be engaged in the common service of the master; in the same grade of the service, neither being in superintendence over the other; engaged in the same department of service, working to a common purpose, and working together at the same time and place.

A further change was made by the Act of June 18, 1897, which in effect added two other elements to the provisions of the Act of 1891, so that in addition to the requirements of that Act employes of railway companies, in order to come within the fellow servant rule, must be engaged in the same character of work, and must be working together at the same piece of work.

It is thus apparent that for reasons which the Legislature regarded as sufficient the fellow servant doctrine as defined by our courts was

restricted within a very narrow compass when applied to the employes of railway companies. The amendment must be held to have added some practical provision to the law then in force, or its passage would have been meaningless. Under the Act of 1891 the plaintiff in this case would have clearly come within its provisions, for he and those who rolled the cotton on his foot were in the common service of the master. They were in the same grade of service. They were engaged in the same department of service. They were working for a common purpose and working together at the same time and place. The plaintiff's case contains at least one of the additional elements of the law of 1897. He and those who injured him were engaged in the same character of work. But they were not working together at the same piece of work. The foreman had directed plaintiff and another to aid each other in moving each bale of cotton which fell to their lot to handle on the occasion in question. The foreman had directed three of his companions to aid each other in the handling of each bale which fell to their lot to move. In this sense the moving of each separate bale was a separate task, and it was not contemplated either that the three should aid the two, or the two the three. The work was separable into pieces and seems to fall within the purpose of the law. We fully realize that in applying the language of the Act to the infinite variety of situations which may arise many difficulties will be presented, but if we are right in our conclusion that the Legislature had in mind not only a piece of work in the general sense of the phrase, when applied to a whole which might consist of many parts, but also any one of those separable parts when being separately handled or treated, it seems to us the case before us is typical.

The Act came up for construction in Long's Case, 94 Texas, 53. There the members of a section gang were returning their tools to the tool house at the close of a day's work. Some were carrying them on a handcar while others walked down the track with the implements in their hands. One of the latter was injured by the negligence of those operating the handcar. It was held that the injured man was not a fellow servant of those operating the handcar. The ground on which the discussion was based was that the character of the work being done by those on the handcar was different from that being done by those who were walking, but the opinion was also expressed that those carrying the tools by means of the handcar were engaged on a different piece of work, and the trend of the mind of the court is further indicated by the following expression: "But it would seem that an employe who was carrying one or more tools without the aid of another was engaged in a different piece of work from that which was being done by any one of his coemployes."

The case cited strongly supports our conclusion in the present case, even if the language quoted be disregarded as mere dicta, for in holding that men who had occupied the relation of fellow servants during the entire working day ceased to be such when by different methods and in different ways they were engaged in the common task of returning the tools to the tool house, it was in effect decided that the statute applied to parts of an entire task when the task was separable into smaller parts capable of independent handling.

Appellant cites the cases of Railway v. Howard, 98 Texas, 513, 80 S. W. Rep., 229; Railway v. Cloyd, 78 S. W. Rep., 43; and Lakey v. Railway, 33 Texas Civ. App., 44, 75 S. W., 566. In Cloyd's Case he and the man by whose negligence he was injured were both engaged in wiping the same engine at the same time. They were in the same grade of employment. It was very clear that they were engaged in the same character of work and on the same piece of work, and it was held that they were fellow servants.

In Lakey's Case the injured person and the man whose negligence caused his injury were engaged in unloading a railroad rail from a push car. It was the duty of one to call out when the latter end of the rail was about to drop from the car, so that those in front could drop it at the same time. The man whose duty it was to call out, negligently failed to call, and his co-servant was injured by the fall of the rail. This court held them to be fellow servants and the holding was justified. They were clearly engaged on the same piece of work.

We are unable to see in what respect Howard's Case, supra, bears upon the question one way or the other. If he was engaged either actually or theoretically in aiding the men on the engines in moving them into the roundhouse, they were all engaged on the same piece of work and in the same character of work, for there was but the one task, viz, the moving of the engines. We are of opinion the trial court did not err in assuming that the plaintiff and those who committed the act which injured him were not fellow servants.

We shall not indulge in a discussion of appellant's point that the statute is unconstitutional. Such statutes have generally been upheld. Campbell v. Cook, 86 Texas, 630, and authorities cited.

The objection that the statute can not rightly be held to include the character of labor in which the plaintiff was engaged at the time of his injuries without doing violence to the Fourteenth Amendment is not without force, but the language of the statute is general and applies in terms to railway employes rather than to the character of the labor in which they may engage. It leaves no room for construction. No authority is cited directly in support of the proposition, and we incline to think the distinction insisted on will not be made.

The last objection must be sustained. The court committed reversible error in submitting the alleged negligence of the foreman as a ground of recovery. The evidence did not present the issue. That such an error is harmful and requires a reversal in all cases in which the judgment is predicated upon issues determined by the jury, has been held without exception. The point that the error was invited is not well taken.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*