## Higdon v. Nichols.

(Decided June 24, 1924.)

### Appeal from Grayson Circuit Court.

1. **Deeds—Reservation Cannot be Extended Beyond Terms, and Doubtful Words Construed Favorably to Grantee.**—A reservation cannot be extended beyond its terms, and, if words are doubtful, they must be construed more favorably to grantee. .

2. **Easements—Reservation Held Only of Road Twelve Feet Wide to be Used for no Other Purpose.**—Deed providing that "there is a road twelve feet wide reserved out of this conveyance" held to reserve to grantor only the use of such twelve feet for a road, and he had no right to use it for any other purpose and could not construct a fence between it and grantee's other lands.

F. W. WHEELER and C. B. DOWLING for appellant.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

F. X. Higdon was the owner of a body of land in Grayson county, which was divided among his five children after his death. Before the division was made, all of the children united in a deed conveying a 21-acre lot to E. F. Higdon. This lot lay between the remainder of the land and the county road, so in the deed this stipulation was made:

"By an agreement between all parties herein there is a road 12 feet wide reserved out of this conveyance on the west line running south with H. B. Harrell's line to Lafe Higdon's corner in H. B. Harrell's line."

In the course of time appellant Decatur Nichols became the owner of six acres of this tract lying next to the reserved road. Lafayette Higdon, who owns the tract set apart to him in the division, began building a fence along the road on the side next to Nichols, so as to make the road a lane, there being a fence on the other side. He wished to do this because of trouble in driving his stock in and out. Nichols owns a 12-acre tract lying on the opposite side of the road, and he did not wish the additional fence built. He brought this suit enjoining Higdon from building the fence. The issue was made up, proof was taken, and, upon final hearing, the circuit court enjoined Higdon from building the fence. He appeals.

Higdon's right to build the fence depends upon what the grantors retained by the words quoted in the deed. The rule is that a reservation can not be extended beyond its terms, and if the words are doubtful, they must be construed more favorably to the grantee. 8 R. C. L. 1093-4.

The words quoted do not reserve a strip of land 12 feet wide; only a road 12 feet wide is reserved. Appellant has the right to use the whole of these 12 feet for a road, but he has no right to use it for any other purpose. If oil was found on this land, or coal, he would not be entitled to the mineral under the strip. If he did not wish to use the strip as a road he would have no right to plant it in corn or any other crop. He has no more right to put a fence upon it than he has to put on it any other obstruction. He can use it for a road, but for no other purpose. He can not put his fence on the 12 feet, because then the road will not be 12 feet wide. He can not put his fence on appellee's land, because he has no right to go on appellee's land at all.

The rights of the parties are fixed by the deed, and can not be extended by construction.

Judgment affirmed.