### MICHNA et ux. v. CRANE et al.

### No. 694.

Court of Civil Appeals of Texas. Eastland.

May 2, 1930.

C. M. McFarland, of Wichita Falls, for appellants.

Davenport & Crain, of Wichita Falls, for appellees.

FUNDERBURK, J.

Rudolph Michna and wife brought this suit as an action of trespass to try title against Robert K. Crane and Milburn E. Nutt to recover 2,050 acres of land situated in Baylor county, Tex. The defendants answered by a plea of not guilty. Upon the trial of the case, after defendants had introduced in evidence a deed from the plaintiffs to Adolph Michna, plaintiffs filed a trial amendment, alleging that the deed was without consideration and procured by fraud of the said Adolph Michna, and for that reason was void. The prayer to the trial amendment was that the deed of trust, which the defendants also offered in evidence, from Adolph Michna to Milburn E. Nutt, to secure a note payable to Robert K. Crane, be canceled and held for naught. Part of the allegation of fraud was that Adolph Michna, a son of the plaintiffs, had obtained the deed upon a misrepresentation "that it was necessary to sign the paper given to them in order to settle other matters, they having on said date conveyed to Adolph Michna certain lands in Cook County, Texas, in full satisfaction for the deed obtained," etc. In reply to the trial amendment, the defendant Robert K. Crane filed a supplemental answer, asserting that he was the owner and holder of a promissory note in the sum of $375, executed by Adolph Michna and secured by deed of trust covering the land described in plaintiffs' pleading, that said note had never

been paid, and that said lien was a valid and subsisting lien on the property, and prayed that plaintiff take nothing by his suit and that said lien be adjudged a valid and subsisting lien against said lands. The court gave judgment that plaintiff take nothing by his suit and decreed that the lien asserted by the defendant Crane was valid and subsisting against all the property described in the plaintiffs' petition. The plaintiffs have appealed. The trial court filed no findings of fact or conclusions of law, and the correctness of the judgment as challenged by appellants' propositions must therefore be tested alone by reference to the transcript and statement of facts.

██ The judgment of the court implies a finding of fact that the deed from appellants to Adolph Michna was not procured by fraud as alleged. To disturb the judgment on the ground that it improperly rests on that finding, we would have to hold that the uncontroverted evidence showed that there was fraud. Instead of fraud having been shown by uncontroverted evidence, there was, we think, ample evidence to support a finding of no fraud. In fact, it seems to us that, under the evidence, the court could have made no other finding than was made. It was not only necessary for plaintiff to prove fraud, but the very fraud alleged, consisting of a misrepresentation to the effect that Adolph Michna presented a paper to the appellants, representing that it was necessary to sign same in order to settle other matters; the clear inference being that it was to settle the exchange of interests in land. Plaintiff Rudolph Michna testified that the misrepresentation was that the paper was an oil lease.

██ The conclusion that the trial court was warranted in the finding that the deed was not procured by fraud, as alleged, makes it unnecessary to notice the further contention that, if the deed was procured by fraud, then it was absolutely void, and, no title having passed thereby, the deed of trust given by Adolph Michna was likewise void. However, that question presents no difficulty. Plaintiffs did not attack the deed by any plea of non est factum or want of delivery. That being true, if the deed, having actually been executed and delivered, was procured by fraud, it was voidable only and not void, and the defendants would be protected as innocent purchasers, in the absence of pleading and proof that they had notice of the fraud. Ramirez v. Bell (Tex. Civ. App.) 298 S. W. 924; Mooneyham v. Cornick (Tex. Civ. App.) 294

S. W. 894; Hickman v. Hoffman, 11 Tex. Civ. App. 605, 33 S. W. 257; Sperry v. Moody (Tex. Civ. App.) 269 S. W. 272. The trial amendment was insufficient to state a right of action to cancel the deed of trust because of the want of any allegation of notice on the part of the defendants of the fraud. Not only was there no such allegation, but there was no proof of such notice. The judgment recites want of such notice, and, if it did not, would imply it.

██ Appellants insist that their possession put the defendants upon inquiry that would have resulted in notice of the fraud, and therefore charged them with such notice. But this contention cannot be sustained. It is well established by a long line of decisions, of which the leading case is Eylar v. Eylar, 60 Tex. 315, that one proposing to purchase land or to acquire an interest therein need look no further than to the recorded deed from the parties in possession to the person proposing to convey the land or an interest therein.

If the judgment of the trial court depended upon an authoritative determination of the issue of fraud attempted to be raised by appellants in their trial amendment, a serious question would be presented, in addition to the defects in the pleading already noted, of the absence of Adolph Michna as a party to the suit. The difficulty, however, is obviated by the fact that appellee Crane, by his supplemental answer, affirmatively invoked the jurisdiction of the court to declare the validity of the deed of trust lien. The judgment of the court merely provides that plaintiff take nothing as to his suit and decrees the validity of the lien in accordance with the pleading and prayer of the said defendant.

Appellants' fifth proposition is as follows: "In a suit in trespass to try title, where there was no evidence whatever of title in defendants, and the only right sought by them was that of a deed of trust lien holder, and where all of the evidence showed title in plaintiffs, it was fundamental error for the court to render judgment that plaintiff take nothing."

██ The reference in the proposition to "no evidence whatever" and "where all of the evidence showed," etc., is an effective refutation of the claim of fundamental error. It has many times been held that there is no fundamental error where all of the evidence must be examined to ascertain its existence.

We are therefore of opinion that there was no error in the judgment of the trial court that it should be affirmed, and it is accordingly so ordered.