**MURSKI et al. v. KOWALSKI et al.**

No. 9627.

Court of Civil Appeals of Texas. Galveston.
Dec. 23, 1931.

W. J. Embrey, of Brenham, for appellants.

Searcy & Hodde, of Brenham, for appellees.

PLEASANTS, C. J.

This is a suit by appellants against the appellees to recover the amount due upon six promissory notes for the sum of $250 each executed by defendants Kasper Kowalski and Mary Kowalski on January 7, 1925, and payable to Casmier Murski in 12, 13, 14, 15, 16, and 17 years, respectively, from date, and to foreclose a deed of trust lien given by defendant Kowalski upon 30 acres of land in the Arabella Harrington League in Washington county to secure the payment of the notes.

The plaintiffs, who are the assignees of Casmier Murski, allege in their petition that the 30 acres of land upon which they seek to foreclose their lien, given to secure the payment of the notes sued on, was sold by Thomas E. Felder and others to Kasper Kowalski by deed of date December 4, 1924; that Casmier Murski furnished to Kowalski $2,000 in cash with which to make the down payment on said property, and took 8 notes for $250 each, secured by a deed of trust lien on the same 30 acres of property, in which instrument it was recited that the 8 notes covered $2,000 cash furnished to make the down payment recited in said deed, which was delivered at the time such lien was executed, and that the transaction of the conveyance and sale of said land was simultaneous with the furnishing of such money and the execution of such lien. That, at the time of the sale of the land, the purchasers also executed 24

notes for $250 each, payable to Thomas E. Felder, one of the grantors in the deed, secured by a vendor's lien on said 30 acres of land, and subsequently the said notes were assigned to W. E. Buchanan, one of the defendants in the suit, who later, on August 15, 1927, procured a reconveyance of the 30 acres of land by Kasper Kowalski and wife to himself, in discharge of the vendor's lien notes he so held thereon; that, during the time Kowalski had the land, he sold to the defendant Edward Roesler 58/100 of an acre, without procuring a release of the deed of trust lien on the 30 acres, as to such 58/100 of an acre so sold therefrom, from the Murskis, who held the deed of trust lien thereon; that later the six notes herein sued on were assigned to the plaintiffs, Nick Murski and Steve Murski, who matured the same for nonpayment of interest by Kowalski. The plaintiffs' petition alleges, in substance, that, by reason of the lien acquired by Murski on furnishing the down payment purchase money to Kowalski, simultaneously with the sale and conveyance of the land by the Felders, it was on a parity with the vendor's lien held by the said Buchanan, as assignee, and that he had notice of such lien at the time he procured a reconveyance of the land in discharge of his lien notes, and he took such land subject thereto; that the said Roesler purchased his part of the 30 acres, subject to such lien, without a release thereof, and with full notice of the existence of the lien, the same being duly recorded. The plaintiffs also prayed in their petition that, in the event they be denied recovery as against the said Buchanan, foreclosing their lien on said land, the conveyance to him be set aside, and his lien be foreclosed jointly in the same suit, and the lands subjected to both liens on an equal rank, as against all of the defendants.

The defendant Roesler answered by general demurrer and general denial, and further specially pleaded, in substance, that he purchased 58/100 of an acre of the 30 acres of land described in plaintiffs' petition from the defendants Kowalski on January 26, 1925, and again on January 1, 1926, purchased from said defendants a tract of 23/100 acres out of the 30-acre tract adjoining his tract of 58/100 acres, and that he paid a valuable and fair price to Kasper Kowalski for the land so purchased, "and that the said Kasper Kowalski used part of the purchase money to pay off on the $2000.00 indebtedness due by him to these plaintiffs; and that said plaintiffs received their proportional part out of said lands that said lands bear to the whole; but should this defendant be mistaken as to this, then he says that he would only owe the plaintiffs so much as his lands bear to the whole acreage out of which his is a part; that is, that he would only be liable for the proportional part that the 81/100 of an acre bears to the entire tract with reference to said indebtedness. That this defendant pur-

chased said lands in good faith, procured a deed to the same, and that he made valuable and permanent improvements thereon, and has since the purchase thereof and is now using and claiming the same as his homestead, being the only property he owns and that the same is exempt to him as a homestead.

"Wherefore this defendant prays the Court that the cloud created by reason of the plaintiffs claiming an interest therein, be removed, and that he be discharged with all costs in this behalf by him incurred and expended."

The defendant Buchanan answered by general demurrer, special exception, and general denial, and further specially pleaded, in substance, that on December 4, 1924, Thomas E. Felder sold and conveyed the 30 acres of land described in plaintiffs' petition to Kasper Kowalski for a consideration of $8,000, of which amount $2,000 was paid in cash, and for the balance of $6,000 Kasper Kowalski and wife, Mary Kowalski, executed their 24 vendor's lien notes for $250 each, payable to Thomas E. Felder in from 1 to 24 years respectively, with interest thereon from January 1, 1925, at the rate of 8 per cent. per annum, and containing the usual stipulation for attorneys' fees; that, to secure the payment of said notes, the following reservation of a vendor's lien is retained in the deed from Thomas E. Felder to Kasper Kowalski.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements until the above described notes and all interest thereon are fully paid according to their face, tenor, effect and reading, when this deed shall become absolute."

That afterwards, on or about March 29, 1925, the said Thomas E. Felder, for a valuable consideration set out in said transfer, sold, transferred, and conveyed to this defendant the notes given him by Kasper Kowalski in part payment for the land sued for, and in said transfer (which is recorded in book 82, page 185, to which refer) Thomas E. Felder also sold all the right, title, and interest owned by him in the land and notes. The transfer also states said notes are the first and only lien on said land, which is the fact.

That, by reason of the sale and transfer by Thomas E. Felder of the vendor's lien notes above described to this defendant, he became and is the legal owner of said notes, and he succeeded to and is now the owner of all the rights originally held by Thomas E. Felder in the land and notes, which he now here pleads and asserts. Neither this defendant nor Thomas E. Felder knew of the pretended deed of trust set up by the plaintiff, or had anything to do with it.

On or about August 15, 1927, the said Kasper Kowalski, being unable to pay the notes

given by him to Thomas E. Felder in payment for the land, although by the terms thereof they were then all due and payable, this defendant having elected under the terms thereof to mature the entire series of notes, agreed to reconvey the land to this defendant in consideration of the surrendering and cancellation of the notes, and by a deed bearing date August 15, 1927, the said Kasper Kowalski and his wife, in consideration of the surrendering and cancellation of the notes mentioned, reconveyed the land to the defendant, who is now the legal owner and holder of the same, for which he prays judgment of the Court and puts himself upon the country.

The case was tried without a jury, and by agreement of the parties the general demurrer and special exceptions of the defendants were considered and decided by the court after hearing the evidence, all the pleadings in the case, and the arguments of counsel.

The judgment rendered by the court is as follows:

"And the court having heard the pleadings, the evidence and the argument of counsel both on the law and the facts touching said general demurrer, general and special exceptions, and after fully considering the same, is of the opinion that the said general demurrer, and general and special exceptions, of the said defendant, W. E. Buchanan, as urged before the court are well taken and should be sustained, and that the plaintiffs are not entitled to recover in this suit.

"It is therefore ordered, adjudged and decreed by the Court that the plaintiffs, Steve Murski, and Nick Murski, take nothing by this suit, and that the defendants, W. E. Buchanan, E. R. Roesler, Kasper Kowalski, and Mary Kowalski, go hence without day and recover of the plaintiffs all costs in this behalf incurred, for which let execution issue in the terms of the law."

■ The four assignments and propositions presented in appellants' brief complain only of the judgment of the court sustaining defendant's general demurrer and special exceptions to plaintiffs' petition. The general demurrer and special exceptions of defendant Buchanan were sustained by the court, but so far as the record shows the general demurrer of the defendant Roesler was not passed upon, or presented to the trial court, and no complaint is made as to the judgment on the facts in favor of this defendant. In this state of the record the judgment in favor of Roesler cannot be reversed unless there was such error in the ruling of the court sustaining the general demurrer and exception of the defendant Buchanan as would necessarily require a reversal of the judgment as to all of the defendants.

■ When the plaintiffs agreed that the defendant's general demurrer and special exception should be taken and considered by the court after hearing and considering all of the evidence and pleadings in the case, they waived their right to insist upon the general rule that, as against a general demurrer, the facts expressly stated in the petition or by the reasonable intendment of its allegations must be taken as true, and agreed that the sufficiency of the petition should be determined by the facts shown by the evidence and the pleadings of the defendant.

■ If it be conceded that under the general intendment rule the petition sufficiently alleges that Thomas E. Felder knew, when he delivered the deed to Kowalski, that the $2,000 cash consideration paid for the land was paid by Casmier Murski, and that Kowalski executed therefor the notes and lien declared on by plaintiffs, the truth of such allegation cannot be presumed as against the general demurrer, when the plaintiffs agreed that the sufficiency of the petition should be determined by the court after hearing and considering the evidence and all the pleadings. The defendant Buchanan, by his general denial, pleaded that Felder did not know at the time he delivered his deed to Kowalski that Murski had furnished the $2,000 cash payment of the purchase money of the land, or that he had loaned any money to Kowalski, or had any lien on the land therefor, and the undisputed evidence shows that Felder was not informed of these facts. We think the case is one in which the verdict or judgment upon the facts defeats plaintiffs' right to claim that their petition stated facts which, if true, entitled them to recover. They expressly waived the right to have the court pass upon this question under the general intendment rule, and asked him to determine it upon the pleadings of both parties and the evidence, and, when the defendant's pleadings and evidence disclosed that the facts necessary to show a cause of action against the defendant did not exist, they cannot now say that by reasonable intendment of their petition such facts were alleged and must be presumed to exist as against the general demurrer, and therefore the court erred in sustaining the demurrer. We know of no authority directly in point, but the logic and fairness of this conclusion is so clear to us that we cannot doubt its legal soundness. What the court really did was to decide the case in favor of the defendant on his answer and the evidence. The judgment might more properly have taken that form, but we do not think the form is material.

■ It cannot be questioned that appellee Buchanan had the right to acquire the title to the land in the manner alleged in his answer and shown by the undisputed evidence, and that, unless Felder, at the time he made the deed to Kowalski, knew that Casmier Murski had furnished the $2,000 cash payment on the land and held a lien thereon for

its payment, such lien would not be on a parity with the vendor's lien retained in his deed of conveyance to Kowalski. To hold otherwise would materially change the contract by which he conditionally parted with his title to the land by greatly lessening, without his consent or knowledge, the security reserved by him for the payment of the balance of the purchase money. It does not require any citation of authority to sustain this conclusion.

It is, we think, equally clear that the recording of the deed of trust given Murski, after the recording of Felder's deed, in no way affected his superior lien and title to the land reserved in his deed, and this superior right and title in the land could be acquired by Buchanan regardless of the constructive notice with which he was charged by the record of the deed of trust. It has been uniformly held that a purchaser of land from one who holds the title as a bona fide purchaser without notice of any defects in the title acquires the title free from the defects regardless of whether he knew of such defects when he purchased. Hickman v. Hoffman, 11 Tex. Civ. App. 605, 33 S. W. 257; Duckworth v. Collie (Tex. Civ. App.) 235 S. W. 924. This rule is based upon the obvious reason that the full protection of the innocent purchaser requires that such protection be extended to his vendees. If this were not the rule, the value of the title of the innocent purchaser would be largely lessened, and in some cases wholly destroyed. The reason and applicability of this rule is apparent in the instant case. Plaintiffs' petition in this case does not claim the rights of a second lienholder, and there are no allegations in their petition upon which any right of redemption as a second lienholder can be predicated.

We think the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.