## LINTHICUM v. GREER.
### No. 3067.

Court of Civil Appeals of Texas. El Paso
Oct. 11, 1934.

Rehearing Denied Nov. 1, 1934.

Travis E. Baker and Upton & Upton, all of San Angelo, for appellant.

Woodward & Coffee, of Big Spring, for appellee.

PELPHREY, Chief Justice.

On May 27, 1929, E. W. Brock and Albert Johnson executed a lease to all of section 48, block 34, township 5—S, to appellant. The

lease began on June 1, 1929, and expired on June 1, 1932. This lease was duly recorded on June 5, 1929.

On August 29, 1929, the following further agreement was entered into between Albert Johnson and appellant:

"Know all men by these presents: That, Whereas, heretofore, towit, Albert Johnson and E. W. Brock leased and let to C. Linthicum Section 48, Block 34, Township 5—S, T. & P. Ry. Company land in Glasscock County, Texas, for a term of three years from June 1st, 1929; and

"Whereas, by mutual agreement the parties have extended said lease so as to terminate on the first day of July, 1933, and have this day received from the said C. Linthicum the sum of $350.00 in full payment of said three years rental, and this additional contract and agreement as to said lease shall be governed and controlled by the said conditions and stipulations as in the original, save and except it is a continuation of three years and one month.

"Witness our hands this the 19th day of August, A. D. 1929.

"E. W. Brock, Party of the first part.

"Albert Johnson, Party of the first part,

"By Albert Johnson."

This extension agreement was not recorded.

Thereafter, on April 10, 1931, Albert Johnson and Emmett Brock and wife, Lula Brock, gave Thomas J. Coffee a deed of trust on the property to secure the payment of a $2,000 note.

January 3, 1933, Thos. J. Coffee, trustee, sold the property to R. C. Coffee who, on February 6, 1933, conveyed the property to appellee.

In August, 1933, appellee filed this suit against appellant in trespass to try title and for the sum of $260 as damages.

Appellant answered by plea of not guilty and in the alternative alleged the execution of the aforementioned lease and the extension thereof.

In a supplemental petition appellee alleged that on April 13, 1931, the original lease agreement was of record in the deed records of Glasscock county; that on that date Albert Johnson was in possession of a house on the land in controversy and of a small pasture used in connection therewith and that appellant was running cattle on the balance thereof; that Thos. J. and R. C. Coffee knew of the lease contract and believed that said original lease represented the only interest

of appellant in the land; that R. C. Coffee advanced the $2,000 without any notice of any interest held by appellant in said land other than that arising from the original lease.

The cause was tried to a jury, but at the conclusion of the testimony the court instructed the jury to return a verdict in favor of appellee for the title and possession of the land.

Upon that verdict the court rendered judgment against appellant and he has appealed.

## Opinion.

Appellant's propositions are that his lease and the extension thereof being from the common source of title and in existence at the date of the execution of the deed of trust, constituted a paramount interest in the land superior to any rights acquired under the deed of trust; that he having been in possession of the land in question under a prior lease at the time the deed of trust was executed and having remained in possession thereof continuously to the time of trial, appellee and his grantor were charged with notice of the extent of his rights; that he having established his prior lease from the common source, the burden devolved upon appellee to prove independently of any recitals in the deed of trust, that he or his grantor paid a valuable consideration for the conveyance in good faith and without notice of appellant's rights.

These propositions we think present one and only one question, viz., Was the possession of appellant of the land in question sufficient notice to appellee of the unrecorded extension of the lease? We think not. It is a rule of general application that one who deals with the land in the possession of another is chargeable with notice of all the claims of the occupant which a proper inquiry would have disclosed. 31 Tex. Jur., § 6, p. 366, and cases cited, but, where the possession is consistent with the record title, the possession is not notice of an unrecorded claim. 31 Tex. Jur. § 7, pp. 368, 369; Eylar v. Eylar, 60 Tex. 315; National Bond & Mortgage Corp. v. Davis (Tex. Com. App.) 60 S.W.(2d) 429; Michna v. Crane (Tex. Civ. App.) 28 S.W.(2d) 837; Barron v. Theophilakos (Tex. Civ. App.) 13 S.W.(2d) 739; Ramirez v. Bell (Tex. Civ. App.) 298 S. W. 924, error refused; Dallas Land & Loan Co. v. Sugg (Tex. Civ. App.) 237 S. W. 955, error refused.

In the present case, the possession of appellant, while it constituted notice to appellee

that appellant had some rights in the property, it was not notice of any interest in the property other than that evidenced by the recorded lease.

Under the facts here, the trial court properly instructed a verdict in favor of appellee.

The judgment is affirmed.