### JONES v. SUN OIL CO. et al.
#### No. 5152.

Court of Civil Appeals of Texas. Texarkana.

Oct. 20, 1937.

Rehearing Denied Oct. 28, 1937.

S. J. Dotson, W. E. Jones, and Taylor & Storey, all of Longview, for appellant.

J. W. Timmins and T. L. Foster, both of Dallas, and Angus G. Wynne and H. P. Smead, both of Longview, for appellees.

WILLIAMS, Justice.

This is a suit by W. E. Jones, appellant, against Sun Oil Company, lease holder; J. T. Loden, fee owner; R. T. Long and others, royalty owners, in trespass to try title; and, in the alternative, for a construction and reformation of a deed of conveyance executed by appellant to J. T. Loden, dated August 2, 1927. This warranty deed conveyed to Loden a 100-acre tract of land out of the D. Sanches H. R. Survey, describing the tract by metes and bounds. Immediate-

ly following the description of the land in the conveyance is the following reservation: "W. E. Jones is retaining free and unobstructed use of a twelve-foot lane, the entire length of the west side of this tract from the East Mountain road to the Seals place." The two acres of land involved in this suit is described in plaintiff's petition as a strip varying from 27 to 32 feet in width (the north and south calls following fences situated on the east and west sides of the strip), and being off the west side of the 100 acres.

Appellant contends that the above-quoted clause reserved to him the right to use said lane in any manner, including the production and sale of oil; that if said language did not as a matter of law authorize such use, it was ambiguous and it was the intention of the parties that said reservation should have said effect; that in the event neither of said contentions should be sustained, the deed should be reformed because of mutual mistake of grantor and grantee in not having said deed express their true intention.

 Appellant pleaded that through the mutual mistake of the grantor and grantee said strip was included in the deed; that it was the intention of the parties thereto that said deed was to exempt this strip of land, and the same to remain vested in fee simple in the grantor; and that appellant as such grantor is entitled to have said deed reformed so as to speak the true intention of the parties. The record is undisputed that appellant prepared this deed or that it was prepared under his direction, and that he delivered same as so written to Loden; and that appellant knew that the clause as worded was in the deed at the time he executed it. Loden had nothing to do with writing the deed. This record discloses that W. E. Jones is an educated man, being a school teacher and superintendent; a surveyor of land; with license to practice law since 1915. It is undisputed, from the record, that the land as described in the petition was being used as a lane or passageway prior to, at the time of, and subsequent to this conveyance. The East Mountain road joined this passageway on the north. The Seals place, owned by appellant at the time of conveyance, was located at the south end of the lane. With these facts in mind we quote from Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447, 451, opinion adopted by the Supreme Court: "What the parties mutually intended and agreed is not the vital inquiry. The party seeking reforma-

tion must of course prove what the true agreement was, but his case is not made by proof that there was an agreement which is at variance with the writing. He must go further and establish the fact that the terms or provisions of the writing which differ from the true agreement made were placed in the instrument by mutual mistake." This record, in our opinion, fails to raise the issue of mutual mistake.

 It was the duty of the court to determine if the conveyance with the clause so used was ambiguous. And if not ambiguous it was the duty of the court, not the jury, to determine the intent of the parties thereto from the terms and provisions of the instrument itself. When effect is given the ordinary meaning of the simple words used in the reservation, we are unable to reach the conclusion that the terms and provisions are ambiguous, but, on the contrary, we are of the opinion and so construe this clause to reserve to grantor an easement or passageway twelve feet wide over the west end of the tract from the East Mountain road to the Seals place. In the absence of fraud, accident, or mutual mistake, it is an elementary rule of construction that, when a deed or contract in writing is plain and unambiguous, parol evidence is not admissible to show the intention of the parties thereto, but such intention is to be determined by the court as a matter of law from the terms of the instrument. And whether or not there is an ambiguity in the instrument which would authorize the introduction of parol testimony is a question of law for determination by the court and not by the jury. Graham's Estate v. Stewart (Tex.Civ.App.) 15 S.W. 2d 72 (writ refused), and authorities therein; Davis v. George, 104 Tex. 106, 134 S. W. 326; Sun Oil Co. v. Bennett, supra; Scheller v. Groesbeck (Tex.Com.App.) 231 S.W. 1092.

 It is a canon of construction of deeds that the presumption is in favor of the passing of the fee-simple title. 8 R.C. L. 1057. The principal rule of construction in interpreting a reservation or exception is that regard should be had to the intention of the parties as appearing from the whole instrument. 14 T.J. pp. 911, 918, 962. It is for the parties, and not the courts, to make deeds of conveyance. Gorham v. Settegast, 44 Tex.Civ.App. 254, 98 S.W. 665.

 Appellant seeks construction of this clause to read in effect: "Save and ex-

cept a strip of land either twelve feet wide, or a strip varying from twenty-seven to thirty-two feet, off the West side to which grantor retains a fee simple title." But the clause is not so written, and such is not, in our opinion, its natural sense. To give this instrument the meaning that grantor was retaining a fee-simple title to the strip requires a complete change in the form of its expression. Grantor retained a free and unobstructed use of a twelve-foot lane. and went further to describe what this lane connected up with. Looking further to the intention as expressed within the terms of the instrument, it is significant that the property is described as a lane and that he reserves the free use of it. Funk and Wagnalls dictionary defines a "lane" as "a narrow way, path or street"; the synonym of same as being "a road; way." Higdon v. Nichols, 204 Ky. 56, 263 S.W. 665, construes a deed which contained the following clause: "By an agreement between all parties herein there is a road 12 feet wide reserved out of this conveyance on the west line running south with H. B. Harrell's line to Lafe Higdon's corner in H. B. Harrell's line."

In construing this reservation the court in that case said:

"Higdon's right to build the fence depends upon what the grantors retained by the words quoted in the deed. The rule is that a reservation cannot be extended beyond its terms, and if the words are doubtful, they must be construed more favorably to the grantee. 8 R.C.L. 1093, 1094.

"The words quoted do not reserve a strip of land 12 feet wide; only a road 12 feet wide is reserved. Appellant has the right to use the whole of these 12 feet for a road, but he has no right to use it for any other purpose. If oil was found on this land, or coal, he would not be entitled to the mineral under the strip. * * *

"The rights of the parties are fixed by the deed, and cannot be extended by construction."

Appellant asserts that all the issues were answered by the jury favorable to appellees in pursuance to an agreement by the jury to give appellees a judgment without considering the evidence. From the view we take of the record, this alleged misconduct becomes immaterial. Likewise it becomes unnecessary to discuss appellees' proposition that appellant's cause of action for reformation is barred by the four-year statute of limitation under the provisions of article 5529, Revised Civil Statutes of Texas.

As the judgment entered by the court on the jury's findings in favor of appellees declaring the reservation to be an easement is one that should have been entered upon a directed verdict, this cause is affirmed.

On Motion for Rehearing.

Appellant, in his motion for rehearing, asserts that although he knew the deed contained the language that it did contain, nevertheless he seeks a reformation because the agreement he and Loden actually made was not truly expressed in the writing, but a different one was made to appear through a mutual misunderstanding of the legal effect of the language used.

If the holding in Sun Oil Company v. Bennett, 125 Tex. 540, 84 S.W.2d 447, and authorities therein cited, do not sustain our conclusions as expressed in the original opinion, we still conclude that appellant cannot now be heard on this issue. The defendants were the holders of the legal title, and the burden was on appellant to prove notice to them of his equitable right to reform the deed. The legal title to all the 100-acre tract within the metes and bounds description for a valuable consideration was conveyed to Loden in 1927, who in turn conveyed the legal title in January, 1930, to Lula Tubb, and by her in July, 1930, assigned to Sun Oil Company. The royalty conveyances out of Loden were executed in 1930. This suit was filed January 4, 1935.

There is nothing in the lease or in the royalty deeds to put the grantees in these instruments on notice that Loden did not claim all the lands within his metes and bounds description. Construing all the evidence in the light most favorable to appellant, his use of the lane was not sufficient to put these defendants on inquiry. He did use the land, but he used it for the purposes for which lanes are generally used. There was nothing in this character of possession in any way inconsistent with the reservation in his deed. Eylar v. Eylar, 60 Tex. 315; Michna v. Crane (Tex.Civ.App.) 28 S.W.2d 837; Linthicum v. Greer (Tex.Civ.App.) 75 S.W.2d 315; Teagarden v. Godley Lumber Co., 105 Tex. 616, 154 S.W. 973.

The motion for rehearing is overruled.