## Hinton et ux. v. Reynolds et ux.

June 1, 1943.

W. D. Gilliam for appellees.

OPINION BY THE COURT BY JUDGE REES—Affirming.

Prior to 1916 J. B. Hinton owned a tract of land in Allen county south of state highway 100, also known as the Franklin road. Between his land and Franklin road was a farm of approximately 37 acres owned by J. W. Watkins. Adjoining Watkins' land on the west was a tract of land owned by C. M. Reynolds. Both tracts bordered on the Franklin road. On October 14, 1916, Watkins conveyed his land to J. B. Hinton who later sold 4 acres to S. B. Ramsey. This 4-acre tract bordered on the Franklin road and its west line ran with C. M. Reynolds' east line a distance of 300 yards. On February 22, 1918, J. B. Hinton and wife conveyed to C. M. Reynolds the remainder of the Watkins tract, containing 33 acres, for a consideration of $300. The land was described by metes and bounds, the last few calls being with C. M. Reynolds' line to a stone corner to S. B. Ramsey thence with Ramsey's line about 300 yards to Franklin road. Following the description was this clause:

> "First parties reserve a road 30 feet wide beginning at S. B. Ramsey's corner at Franklin road running south across this tract to southern boundary."

Before he acquired the Watkins land, Hinton's means of ingress and egress to and from his home was over an

old public road which intersected the Franklin road at a point about one-fourth mile west of Watkins' land. This old road has been abandoned. After the 33-acre tract was sold to Reynolds a strip 30 feet wide, extending through Reynolds' land from the Franklin road to Hinton's northern boundary, was measured by Reynolds and Hinton, and Reynolds erected fences on both sides of the road. The road was open at both ends. Hinton, with small financial assistance from Reynolds and another neighbor, graded and graveled the road. Reynolds erected a gate in the fence along the east side of the road near its intersection with the Franklin road and used it for eight or nine years in going to and from two fields on the east side of the passway. Hinton dug a ditch along the east side of the road which prevented Reynolds from using the gate, and the latter erected a gate about 300 yards farther south at a point where the ground was practically level and used the road ten or twelve years in going to and from his land through this gate. During the last few years trouble arose between the parties over the use of the road. Reynolds claimed that Hinton constructed a ditch in front of the gate and then destroyed culverts and bridges which Reynolds constructed. Hinton claimed the culverts and bridges obstructed the flow of water through the ditch and caused his road to be flooded. Hinton finally drove four iron posts in the ground in front of the gate and attached to them several strands of barbed wire. C. M. Reynolds and his wife then brought this action against J. B. Hinton and Aubrey L. Hinton, his wife, to quiet their title to the strip of land used by the Hintons as a passway, and they asked that they be adjudged the right to use the road in the cultivation and operation of their lands.

An effort was made to show that Hinton had dedicated the passway to the use of the public and also that it had become a public road by adverse user. The proof for plaintiffs on these issues was meager. The real question in the case is: What are Reynolds' rights under the Hinton deed? By the deed Hinton conveyed to Reynolds the entire tract of land adjoining the latter's land on the east. He then reserved a road 30 feet wide, beginning at S. B. Ramsey's corner at Franklin road running south across the tract conveyed to its southern boundary. Plainly this was a reservation of an easement for a roadway, and not an exception of the fee in a strip 30 feet wide. This case cannot be distinguished

from Justice v. Justice, 216 Ky. 657, 288 S. W. 293, where the disputed clause in the deed read: "Except a 10-foot road down the said Fred Hollow to the public road," and it was held that the grantor simply reserved an easement in the nature of a roadway. Reynolds is the owner of the fee, and may use the land in such manner as he deems proper, including traveling on it, provided he does not interfere with the use or enjoyment of the easement. Appellants can use it for a road, but for no other purpose. Higdon v. Nichols, 204 Ky. 56, 263 S. W. 665. The circuit court enjoined appellants from interfering with Reynolds' use of the road "for all reasonable purposes for the continued enjoyment of his premises and the lands bordering on or adjacent to said road," and enjoined Reynolds from obstructing the ditches or interfering in any way with appellants' use of the road. The judgment effectuates what undoubtedly was the intention of the parties and preserves the substantive rights of both.

The judgment is affirmed.